Charles Edward SMITH et al., Appellants,

v.

Edward J. KLECKER et al., Appellees.

No. 77–1140.

United States Court of Appeals, Eighth Circuit.

Submitted April 13, 1977.

Decided April 19, 1977.

---

1. Bureau of Prisons, Policy Statement, Drug Abuse Prevention and Control Act of 1970, 7500.43, Jan. 18, 1973.

Charles E. Smith, August T. Vogel and Timothy R. Lewis, pro se.

Before HEANEY, ROSS and HENLEY, Circuit Judges.

PER CURIAM.

This is an appeal from the dismissal of appellants' civil rights action (D.N.D., Judge VanSickle). Appellees have moved to dismiss the appeal pursuant to Local Rule 9(b) for lack of jurisdiction. We decline to dismiss under Rule 9(b) but on our own motion dismiss the appeal as frivolous under Local Rule 9(a).

In January 1977 a committee of North Dakota House of Representatives had under consideration bills concerning good time for prisoners and interest on prisoners' earnings. A hearing was scheduled at the state penitentiary, at which inmates would be allowed to testify. It was cancelled, however, following a committee meeting at which Edward Klecker, Director of Institutions, advised the committee that the hearings would be subject to the North Dakota open meetings law and warned of problems with security and false testimony. The committee decided to hear testimony at the statehouse and tour the penitentiary at a later date.

The Bismarck Tribune published a story relating the events discussed above written by Jane Wilson, a staff writer. The story included accounts of disparaging comments on the value of inmate testimony made by Klecker and Representative Oben Guderson. Klecker reportedly stated:

> Bear in mind what these people are, * * * and bear in mind that some are very young and have very little feeling of right and wrong.

Guderson reportedly stated that:

> the inmates are in prison for breaking the law and he would not have much confidence in the truth of their testimony.

On January 28, 1977, three inmates at the North Dakota penitentiary commenced the instant § 1983 action against Klecker, Guderson, Wilson, and Glenn Sorlie, editor of the Bismarck Tribune. They alleged that the statements concerning the value of inmate testimony were false, malicious, and defamatory; and that the ensuing cancellation of the hearings at the prison denied them their rights to communicate their views to the legislature in violation of due process, equal protection, and the first amendment. Plaintiffs sought a variety of monetary and injunctive relief on behalf of a class. The district court dismissed the action for failure to state a claim, citing *Paul v. Davis,* 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976), and for lack of jurisdiction. This appeal and appellees' motion to dismiss followed. Appellants have filed a response. We affirm.

In light of the Supreme Court's recent holding in *Paul v. Davis, supra,* appellants' allegations of defamation fail to state a federal claim. In the context of this case the appellees were free to express their views with respect to the reliability of inmate testimony regardless of whether those views are supported or not. By the same token the inmates were free to express their views by letter or in person when the committee toured the penitentiary. Finally, all of the defendants would likely be immune from any damage claim under settled principles of immunity: Klecker and Guderson under legislative immunity, and Wilson and Sorlie under the doctrine of *New York Times Co. v. Sullivan,* 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964).

The judgment of the trial court is affirmed.