David W. RILEY, Plaintiff,

v.

CITY OF MINNEAPOLIS, Charles Stenvig, Individually and as Mayor of the City of Minneapolis, Carl Johnson, Individually and as Chief of Police, and Michael Sauro and one Proel, Individually and as officers of the City of Minneapolis Police Department, Defendants.

No. 4–77–Civ–165.

United States District Court,
D. Minnesota,
Fourth Division.

Sept. 19, 1977.

Joseph L. Mannikko, Mannikko & Swenson, Wayzata, Minn., for plaintiff.

Walter J. Duffy, Jr., City Atty. and Les R. Karjala, Asst. City Atty., Minneapolis, Minn., for defendants.

## MEMORANDUM AND ORDER

DEVITT, Chief Judge.

In this "police brutality" action which seeks redress for alleged deprivations of various constitutional rights, defendants City of Minneapolis, Charles Stenvig, and Carl Johnson move to dismiss, or, in the alternative, for summary judgment. Defendants contend that the court lacks subject matter jurisdiction due to an insufficient amount being in controversy, that the claim against the city should be dismissed on several grounds, and that, in light of the affidavits of Stenvig and Johnson, summary judgment should be granted for failure of plaintiff to demonstrate an "affirmative link" between those defendants and the defendant police officers who actually engaged in the activity which allegedly violated plaintiff's constitutional rights. At the hearing on these motions, the court deferred judgment pending the Court of Appeals' decision in two cases which presented similar issues. The opinion in those cases, *Owen v. City of Independence, Mo.*, 560 F.2d 925 (8th Cir., filed Aug. 15, 1977), has now been issued.

■ Defendants' first contention, that $10,000 is not actually in controversy, can be quickly resolved.[1] Although admitting that plaintiff has claimed compensatory damages of $50,000 and punitive damages of $25,000, defendants argue that this claim is patently overstated because plaintiff cannot hope to recover more than $10,000. It is well settled that jurisdictional amount, once alleged, is presumed present unless it can be shown to a legal certainty that plaintiff's claim is actually for less than $10,000. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938). Defendant has not supported its claim of insufficient amount by affidavit or even reasoned argument. Suffice it to say that plaintiff has specified injuries allegedly resulting from defendants' actions which could clearly support an award in excess of

$10,000. Furthermore, since plaintiff has alleged that defendants acted in bad faith and with malice, he has stated a claim for punitive damages which, standing alone, could result in a verdict for more than the requisite amount.

The reason for this court's deferral of decision relates to plaintiff's action against the City. A judge in this district has held that no cause of action implied from the Fourteenth Amendment exists for suits against municipalities premised upon alleged deprivations of constitutional rights. *Livingood v. Townsend*, 422 F.Supp. 24 (D.Minn.1976) (Alsop, J.). This implied cause of action is the theory of plaintiff's case against the city in this instance. If there is no such action, plaintiff's sole remedy is 42 U.S.C. § 1983 (1970), a theory of liability which cannot be asserted against a governmental entity. *City of Kenosha v. Bruno*, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973) and *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). In *Owen v. City of Independence, Mo., supra*, the Court of Appeals held that a city official, whose employment was terminated without a hearing, could maintain an action for backpay, founded on alleged procedural due process violations, against the city as well as the individuals who actually ordered the termination. Jurisdiction was based on 28 U.S.C. § 1331 (1970), and the cause of action existed by implication from the Fourteenth Amendment. *Owen v. City of Independence, supra*, at 931 n. 6 and 933.

■ Unfortunately, *Owen* did not resolve the precise question involved in this case. It distinguished "police brutality" cases of the sort involved here on the grounds that such actions involve pure damage demands whereas *Owen* involved an equitable demand for backpay and that such actions present questions of vicarious liability while the conduct at issue in *Owen* was that of the city's highest officials. *Owen v. City of Independence, Mo., supra*, at 933 n. 9.

---

1. It should be noted that jurisdictional amount is only required for plaintiff's action against the city which is founded on 28 U.S.C. § 1331 (1970). Jurisdiction over the claims against the other defendants, since they arise under 42 U.S.C. § 1983 and § 1985 (1970), does not depend upon a specified amount being in issue, 28 U.S.C. § 1343(3) (1970).

However, despite these distinctions, the circuit's inclination in this area is clear. A "police brutality" action brought under the Fourteenth Amendment can be asserted against a city if plaintiff alleges that the city's policy-making agencies or officials knowingly encouraged or tolerated the conduct of which plaintiff complains. *Adekalu v. New York City*, 431 F.Supp. 812 (S.D.N.Y.1977) and *Gresham v. City of Chicago*, 405 F.Supp. 410 (N.D.Ill.1975). The requisite allegations appear in paragraph 20 of plaintiff's complaint. It should be noted that this court suspects that the Supreme Court may ultimately refuse to imply a remedy under the Fourteenth Amendment. *See, Crosley v. Davis*, 426 F.Supp. 389 (E.D.Pa.1977). However, the court feels that it must follow the clear indication of the circuit's leanings found in *Owen*.

 The City, Stenvig, and Johnson also move for summary judgment. These motions are based on affidavits of the latter two defendants which deny any liability and state that the affiant bore no malice toward plaintiff, did not conspire with anyone for the arrest of plaintiff, was not present at the time of the incident, and did not personally authorize or participate in the arrest of plaintiff. Therefore, defendants argue, since plaintiffs have not introduced any factual material in support of their allegations of these individual defendants' complicity, there is no material issue of fact remaining to be litigated, and, as a matter of law, these three defendants are entitled to judgment in their favor. It is true that plaintiff must prove some form of actual participation by all individual defendants in order to prevail under 42 U.S.C. § 1983 (1970).[2] *Sebastian v. United States*, 531 F.2d 900 (8th Cir. 1976) and *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). Furthermore, participation in or knowledge of the incident on the part of the city's policy-making officials is sufficient to impose liability on the city itself. *Adekalu v. New York City, supra*, at 820. Thus, in the case at bar, the City's liability will stand or fall with that of Stenvig and Johnson, at least with regard to plaintiff's prima facie case.[3]

■ The analytical approach to defendants' argument is set forth in *Jennings v. Davis, supra*, at 1275. In the summary judgment context, once defendants introduce affidavits negating liability, plaintiff must state specific facts showing that there is a genuine issue for trial. Plaintiff's allegation that a policy of brutality tolerance exists is sufficiently specific to overcome defendants' motion at this stage of the litigation. Discovery may or may not uncover facts sufficient to support this allegation. If not, a future summary judgment motion might well be proper.

For the foregoing reasons, defendants' motions are DENIED.

---

2. Although it is not clear, plaintiff seems to claim that Stenvig and Johnson are liable under the implied cause of action as well as 42 U.S.C. § 1983 (1970). In so arguing, plaintiff seeks to impose less stringent standards of liability on these defendants. At this juncture, it is sufficient to say that plaintiff has cited no authority for an implied damage remedy against these non-federal defendants, and since § 1983 already provides a remedy, it is doubtful that plaintiff would be able to meet the "necessity" requirement for implication. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 403, 91 S.Ct. 1999, 2088, 29 L.Ed.2d 619 (1971) (Harlan, J., concurring) and *J. I. Case, Co. v. Borak*, 377 U.S. 426, 84 S.Ct. 1555, 12 L.Ed.2d 423 (1964).

3. Stenvig and Johnson are entitled to the defense of good faith. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Although it is hard to see how the defendants can claim that they acted in good faith if they were responsible for a policy of brutality as plaintiff alleges, a jury theoretically might render such a verdict. However, it appears that the City cannot defend on the grounds of its policy-makers' good faith once plaintiff proves that those policy-makers somehow participated in or knowingly tolerated the conduct of which plaintiff complains. *Owen v. City of Independence, Mo., supra*, at 940. Again, it should be noted that this conclusion is only an extrapolation from *Owen*. However, the court feels that it best states the law in this circuit at this time.