**Todd M. HALDORSON, Plaintiff,**

v.

**Tom BLAIR and the City of Dilworth, Defendants.**

**Civ. No. 6–77–342.**

United States District Court,
D. Minnesota,
Sixth Division.

May 17, 1978.

Lee W. Mosher, Houge & Mosher, Minneapolis, Minn., for plaintiff.

Galen J. Vaa, Thysell, Gjevre, McLarnan & Hannaher, Moorhead, Minn., for defendant City of Dilworth.

## MEMORANDUM & ORDER

DEVITT, Chief Judge.

Plaintiff Todd Haldorson has brought this action to obtain redress for alleged violations of his constitutional rights. He claims that defendant Tom Blair, a police officer for defendant City of Dilworth, Minnesota, without a warrant arrested him, illegally searched him and seized some of his personal belongings, incarcerated him without informing him of the charges levied against him, and thereafter caused him to be committed for eight days in the mental ward of a hospital. Plaintiff claims these alleged activities were part of a deliberate scheme by defendant Blair and other employees of the City of Dilworth. He also asserts that defendant City of Dilworth was grossly negligent in hiring, training, and supervising the employees who allegedly violated his constitutional rights. Jurisdiction is asserted both under 28 U.S.C. § 1343(3) and under 28 U.S.C. § 1331, and over $10,000 in controversy has been alleged. Plaintiff also asserts numerous state

law claims against both defendants pursuant to pendent jurisdiction principles.

The present Rule 12(b) pre-trial motion is brought by defendant City of Dilworth, which requests dismissal as to the claims against it, based on the alternative grounds of lack of subject matter jurisdiction and failure to state a claim for which relief can be granted. The proper resolution of this motion is clear: the defendant City of Dilworth must be dismissed. However, the legal gymnastics necessary to reach this determination are somewhat complex and merit detailed consideration.

### 1. *Subject Matter Jurisdiction*

The jurisdiction of this court is invoked under two jurisdictional statutes, sections 1343(3) and 1331 of title 28. Section 1343(3), of course, is the jurisdictional counterpart of 42 U.S.C. § 1983, which creates a cause of action for state action which violates a person's constitutional rights. Section 1331, on the other hand, is a general jurisdictional statute for actions involving more than $10,000 in controversy that arise under the Constitution or other federal law. This statute apparently is being invoked by plaintiff in conjunction with allegations that he has a direct cause of action against the city, not based upon § 1983, for violation of his constitutional rights. *See, e. g., Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

■ With regard to § 1343(3), this court does not have subject matter jurisdiction over plaintiff's claim against defendant City of Dilworth, for 42 U.S.C. § 1983 does not grant a cause of action against municipalities. *See, e. g., Monroe v. Pape,* 365 U.S. 167, 187–92, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). Normally, the question whether a federal court has subject matter jurisdiction is distinct from the issue whether the plaintiff has stated as federal cause of action; the court usually must assume jurisdiction before it can decide whether a cause of action has been stated. *Bell v. Hood,* 327 U.S. 678, 682, 66 S.Ct. 773, 90 L.Ed. 939 (1946). Thus, jurisdiction generally is an issue separate from that of failure to state a claim.

■ Jurisdiction under 28 U.S.C. § 1343(3), however, appears to represent an exception to the *Bell v. Hood* type of analysis. Section 1343(3) in essence is, or at least has been treated as, the jurisdictional mirror of the substantive cause of action created by 42 U.S.C. § 1983. *See e. g., Mt. Healthy City School Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 97 S.Ct. 568, 571–72, 50 L.Ed.2d 471 (1977). Thus, for the court to determine whether it has jurisdiction under § 1343(3), it of necessity must first determine whether the plaintiff has stated a cause of action under § 1983. The Supreme Court made this abundantly clear in *Aldinger v. Howard,* 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976) when it held that the federal courts have no jurisdiction, pendent or otherwise, over a municipal defendant in a § 1983 action *because* § 1983 does not grant a federal cause of action against municipalities. Consequently, this court has no subject matter jurisdiction over defendant City of Dilworth based on 28 U.S.C. § 1343(3) since municipalities cannot be sued under 42 U.S.C. § 1983.

■ The jurisdictional issue is different, however, in relation to 28 U.S.C. § 1331 and plaintiff's claim of an implied federal cause of action arising directly from the Constitution. Because § 1331 is a general jurisdictional statute which does not mirror a particular substantive federal cause of action, for purposes of jurisdiction the court need not first determine whether a cause of action has been stated. Rather, the court only must conclude that the $10,000 amount in controversy requirement is satisfied and that the alleged cause of action arises under the United States Constitution or other federal law. These requirements have been met in the present case and thus this court has subject matter jurisdiction over plaintiff's implied cause of action against the City of Dilworth for violation of his consti-

tutional rights.[1]   *See Mt. Healthy City School Dist.,* supra; *Bell v. Hood,* supra.

### 2. Failure to State a Cause of Action

Although this court has jurisdiction over plaintiff's § 1331 claim against the municipality, the issue remains whether plaintiff has stated a cause of action against the municipality. Plaintiff asserts it has stated a cause of action by alleging that agents of defendant City of Dilworth violated his first, fourth, fifth, sixth, and fourteenth amendment rights and that the defendant city was grossly negligent in hiring, training, and supervising those agents.

The seminal case implying a cause of action directly from the Constitution for violation of a person's constitutional rights is *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Read narrowly, *Bivens* establishes only that a federal agent can be held liable for violation of the plaintiff's fourth amendment rights. Read broadly, however, *Bivens* can be viewed as creating a federal cause of action whenever a state or federal agent violates one's constitutional rights and the particular defendant is not amenable to suit under § 1983 or some other federal statute.

The Eighth Circuit Court of Appeals, as have numerous other courts, chose to read *Bivens* broadly in *Owen v. City of Inde-pendence,* 560 F.2d 925 (8th Cir. 1977) (appeal pending). *Owen,* however, did not directly decide the precise issue in the present case: what must the plaintiff plead in a *Bivens*-type case to state a cause of action against a municipality for violations by the municipality's agents of the plaintiff's constitutional rights? However, in footnote nine of its opinion the *Owen* court strongly implied that, to hold a municipality liable for money damages for constitutional violations by its agents, the plaintiff must prove that "the city's policy-making agencies or officials knowingly encouraged or tolerated the conduct . . . ." *Accord, Riley v. City of Minneapolis,* 436 F.Supp. 954, 957 (D.Minn.1977). In the present case, plaintiff has not alleged knowing encouragement or tolerance of the violations by the city's policymakers; rather, he has only alleged gross negligence on the part of the city.

Plaintiff argues that an allegation of gross negligence should be sufficient to state a claim against the City of Dilworth and that the *Owen* dictum is overly restrictive. This court cannot agree.[2] The requirement of actual knowledge of the violations plus encouragement or acquiescence by the city's policymaking officials is sound. Although municipalities are not protected by the Eleventh Amendment, principles of comity and federalism nonetheless should

---

**1.** Defendant City of Dilworth argues that plaintiff cannot bring an action against a municipality because of the Supreme Court's holding in *Aldinger v. Howard,* 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976). *Aldinger,* however, held that a municipality cannot be brought into a § 1983 action on principles of pendent party or ancillary jurisdiction; rather, the plaintiff must have a separate federal jurisdictional basis for suing the municipality. In the present case, plaintiff does have a separate jurisdictional basis—28 U.S.C. § 1331—and therefore *Aldinger* does not bar this action against the municipality. *See Aldinger,* supra, at n.3. This determination also is not inconsistent with the recent Eighth Circuit decision, *Kroger v. Owen Equip. & Erection Co.,* 558 F.2d 417 (8th Cir. 1977), *cert. granted,* 434 U.S. 1008, 98 S.Ct. 715, 54 L.Ed.2d 749 (1978), which permits pendent party jurisdiction in diversity cases, since the Court in *Aldinger* found that Congress by implication precluded use of pendent party jurisdiction in § 1983 actions. *See* Comment, *Fed-eral Jurisdiction: Federal Court Has Power to Hear Rule 14 Claim by Plaintiff Against Nondiverse Third Party Defendant,* 62 Minn.L.Rev. 251, 260-61 (1978).

**2.** If anything, *Owen* is too broad. Given the Supreme Court's rather restrictive recent holdings in the civil rights area, *e. g., Rizzo v. Goode,* 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976), this court doubts that the Supreme Court will permit a cause of action against municipalities pursuant to § 1331, since Congress already has legislated on this issue through 42 U.S.C. § 1983. *See Aldinger v. Howard,* 427 U.S. 1, 17, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976), where the Court stated that because the Congress has concluded that municipalities were excluded from the reach of § 1983 the Court was very reluctant to bring municipalities back within the reach of the federal courts through indirect means.

cause the federal courts to be reluctant to impose damages liability upon municipalities for the constitutional violations of municipal agents. *See Adekalu v. New York City*, 431 F.Supp. 812, 819 (S.D.N.Y.1977). Consequently, it makes sense to limit the applicability of common law vicarious liability principles in federal civil rights damages actions against municipalities. The requirements stated in *Owen* and adopted by this court in *Riley, supra*, strike the proper balance; they protect the municipal treasuries except where the city, through its high-level policymakers, adopts a conscious policy of encouraging or at least tolerating constitutional violations by municipal agents, thus indicating culpability of a magnitude that justifies imposition of monetary liability upon the municipality.

Consequently, defendant City of Dilworth's motion to dismiss for failure to state a claim is granted, with leave for plaintiff to amend the complaint by June 5 to comply with the *Owen* requirements, if plaintiff in good faith can do so within the confines of Fed.R.Civ.P. 11. If the complaint is not so amended, the pendent state law claims against the City of Dilworth also will be dismissed pursuant to *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

Defendant City of Dilworth's motion is GRANTED.