628 F.2d 1120
 Dale Louis CLARK, Appellant,
v.
Herman SOLEM, Warden, Individually and in his official
capacity, c/o South Dakota State Penitentiary, Sioux Falls,
S. D., and Fred Devaney, Division of Criminal Investigation
Agent, Individually and in his official capacity, c/o The
Public Safety Building, Sioux Falls, South Dakota, and Mike
Schilling, Former inmate of the South Dakota State Prison,
Individually and as an agent of the State of South Dakota, Appellees.
 No. 80-1353.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Aug. 19, 1980.
Decided Aug. 28, 1980.
 
 Dale Louis Clark, pro se.
 Mark V. Meierhenry, Atty. Gen., and Kevin F. Manson, Asst. Atty. Gen., Pierre, S. D., for appellees.
 Before ROSS, HENLEY and McMILLIAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Dale Louis Clark, proceeding pro se, appeals the dismissal of this action brought under 42 U.S.C. §§ 1983 and 1985. Clark, an inmate of the South Dakota State Penitentiary, brought suit against Herman Solem, warden of that institution, and other state officials for actions relating to a prison incident in which Clark was stabbed. The district court dismissed the action for failure to state a claim for which relief could be granted.
 
 
 2
 The first allegation concerns remarks made by warden Solem to members of the local press during an interview after the stabbing. Clark charged that warden Solem maliciously and inaccurately described Clark as a snitch and an informer. In addition he alleges that the warden erroneously labeled the incident as homosexual in nature, implying that Clark was a homosexual.
 
 
 3
 To maintain a cause of action under 42 U.S.C. § 1983 and § 1985 the pleadings must allege the deprivation of a constitutional right. While the facts alleged here may state a cause of action under South Dakota law, mere defamation by itself does not constitute a cause of action under § 1983 or § 1985. Paul v. Davis, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1975); Green v. DeCamp, 612 F.2d 368 (8th Cir. 1980); Smith v. Klecker, 554 F.2d 848 (8th Cir. 1977).
 
 
 4
 Second, Clark charges that the defendants conspired to deprive him of his first amendment rights by preventing him from testifying before the grand jury. However, he alleges no facts in support of his allegations. Even assuming the sufficiency of the facts, there exists no constitutional right to testify before a grand jury.
 
 
 5
 The third and final allegation involves an alleged deprivation of rights under the eighth amendment. Clark charges that, in addition to being defamatory, the warden's statements to the press about the stabbing were made without regard to his safety. He further charges that prison officials failed to take adequate measures to protect him after the stabbing incident. This, Clark maintains, caused him great physical pain and severe mental distress in violation of his right under the eighth amendment to be free from cruel and unusual punishment. Clark's allegations in this regard are vague and conclusory and in some respects are contradictory. They state no facts which, if proved, could support a cause of action under § 1983 or § 1985.
 
 
 6
 Accordingly, we affirm the order of the district court dismissing the action for failure to state a cause of action on which relief can be granted.