### MANN et al. v. FISHER et al.
### No. 1510.

District Court, W. D. Missouri, W. D.
Sept. 20, 1943.

Haysler A. Poague and Barkley M. Brock, both of Clinton, Mo., for plaintiff.

Vance Julian, of Clinton, Mo., Lester Orsborn, of Red Oak, Iowa, and Julius C. Shapiro, of Kansas City, Mo., for defendants.

REEVES, District Judge.

By this motion the defendants challenge the jurisdiction of the court, assert that the petition does not state a cause of action, and that there is an improper joinder of causes of action.

Briefs have been filed by each of the parties. These, together with the pleadings have been examined. The amended complaint states substantially that the plaintiffs are partners at Clinton, Missouri, and in connection with their business operate "large truck scales used for the weighing of grain, feed and other material."

The plaintiffs say that their operations with said scales had won for them extensive good will in the community and among their customers because of the accuracy and dependability of such scales; and that by reason thereof they enjoyed the full confidence of both buyers and sellers of the above named commodities. It is then charged that the defendants were engaged in selling such commodities in the community and used the scales of the plaintiffs for weighing such commodities. There are averments then that in the year 1942, and in a large number of transactions with customers of the plaintiffs, the defendants "secretly and fraudulently would so manipulate their truck and trailer and so handle their grain by means and manner unknown to the plaintiff, so that the plaintiffs, because of the fraud of said defendants, were caused to, and did, issue scale tickets which were not accurate or correct, and which scale tickets, as intended by the defendants in the execution of their joint plans and schemes to defraud, showed a larger weight of corn and other commodities in the truck and trailer of the defendants than actually existed; * * *."

There are other averments as to the alleged acts of the defendants, and it is charged that by such operations the defendants injured the good will of plaintiffs' business and plaintiffs seek damages for such alleged trespass.

I. It is the law that good will is property and that it is recognized and protected by law as such. 28 C.J. Section 2, p. 730; Sessinghaus Milling Co. v. Hanebrink, 247 Mo. 212, 152 S.W. 354, Ann.Cas. 1914B, 875. It would follow that any trespass upon this intangible, impalpable property or property right would become a predicate for an action for damages just the same as a trespass upon any other property.

2. The defendants urge that the complaint neither is a charge for slander nor does it constitute any other alleged trespass known to the law. While it is true that it is a rare proceeding and one for which little help or aid can be secured from the books, it is analogous to slander of title for the reason that it is a trespass upon intangible property. If, as alleged in the complaint, the defendants by fraud and deceit trespassed upon the good will of the plaintiffs, they became liable for any damages the plaintiffs would be able to show.

3. The fact that there were several transactions wherein it is alleged that the defendants practiced deception would not lay the foundation for several causes of action. It is the contention of the plaintiffs that by a series of transactions the de-

552

fendants injured a good will they enjoyed in their community where they carried on business. It would be permissive for the plaintiffs to claim damages, if such accrued to them because of the general course of trespass, although several transactions were involved.

4. On the question of jurisdiction, it appears that there is a diversity of citizenship and that the amount in controversy is sufficient to confer jurisdiction upon this court.

The motion to dismiss should be overruled and it will be so ordered.