Dan Miles UNDERWOOD, Appellant,

v.

Robert F. PRITCHARD, etc. et al., Appellees.

No. 80–1639.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 14, 1981.

Decided Jan. 21, 1981.

County, Arkansas Sheriff, an Arkansas state trooper, the Prosecuting Attorney and the Deputy Prosecuting Attorney for the Fifth Judicial Circuit of Arkansas. He seeks damages which he claims stem from charges filed against him in Arkansas in May 1976. The district court, in response to defendant's motion to dismiss, to which Underwood failed to respond, dismissed the petition pursuant to Fed.R.Civ.P. 12(b)(6). Underwood appeals.

At the time the events giving rise to this action occurred, Underwood was on federal parole in North Carolina. According to facts alleged in Underwood's petition and admitted by defendants, Underwood was stopped by Arkansas State Trooper Bill Brashears for erratic driving on May 2, 1976. Brashears arrested Underwood and transported him to the Franklin County jail and booked him for driving while under the influence of drugs. Underwood was apparently not incarcerated but, because of his condition, Sheriff Robert Pritchard admitted him to the Ozark County hospital where his stomach was pumped. Underwood was then transferred to the Veterans Hospital in Fayetteville, Arkansas. He was later released from the facility to the custody of a United States Marshal pursuant to a warrant issued for Underwood's arrest for violation of his parole. Underwood's parole was subsequently revoked and he is currently incarcerated at the Federal Corrections Institution in Texarkana, Texas. Underwood claims a charge of driving while under the influence of drugs, a misdemeanor under Arkansas law, is still pending against him in Arkansas.

On March 24, 1977, Underwood wrote to Sheriff Pritchard requesting that he be tried on the traffic charge.[1] Deputy Prosecuting Attorney Lonnie Turner replied to Underwood's letter, advising him that arrangements would be made to try him on the charge. A few weeks later Turner advised Underwood by mail that Arkansas officials had not been aware of his incarceration and that the State of Arkansas would

Dan Miles Underwood, pro se.

Before ROSS, HENLEY and McMILLIAN, Circuit Judges.

PER CURIAM.

Dan Miles Underwood appeals, *pro se*, the dismissal by the district court of this action brought under 42 U.S.C. § 1983. Underwood names as defendants the Franklin

1. Underwood states that he seeks disposition of the charge because federal authorities have informed him that until the charge is disposed of he is ineligible for parole.

not pay the cost of transporting him back to the state for trial. Underwood was informed that if he wished to return for trial he would have to pay the cost of the transfer. No detainer was ever lodged against Underwood [2] nor does it appear that he was ever arraigned on the charge.

Underwood bases his suit on the following causes of action:

1) that the defendants and their agents have caused a charge of driving while under the influence of drugs to be placed on his record;

2) that defendants failed to properly follow through on the prosecution of the alleged drug charges to a final determination while Underwood was in custody of the State of Arkansas and, instead, released him to federal authorities;

3) that solely as a result of the information supplied by the State of Arkansas regarding the charges against him, Underwood's federal parole was revoked.

Even under the less stringent standards applicable to *pro se* complaints, *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972), Underwood states no facts which, if proved, could form the basis for a section 1983 action.

By naming Trooper Brashears as a defendant Underwood seems to imply that he intended false arrest as a cause of action, but there are no facts alleged in support of such a claim. In his complaint Underwood merely states that the arrest "allegedly" took place and denies ever having been in Arkansas on May 2, 1976. Thus there is no allegation that the arrest actually took place, much less that the necessary probable cause was lacking. *Pierson v. Ray*, 386 U.S. 547, 555, 87 S.Ct. 1213, 1218, 18 L.Ed.2d 288 (1967); *Linn v. Garcia*, 531 F.2d 855, 860–61 (8th Cir. 1976).

■ Underwood's complaint that a charge of driving while under the influence of drugs was filed against him and that as a result his parole was revoked states no cause of action under section 1983. Implicit in this portion of Underwood's complaint is the idea that there was no basis for the charge and that the defendants knowingly gave false information to federal parole officials. This could give rise to a cause of action for defamation, however, defamation, *per se*, is not actionable under section 1983. *Paul v. Davis*, 424 U.S. 693, 701–02, 96 S.Ct. 1155, 1160–61, 47 L.Ed.2d 405 (1976). *See Green v. DeCamp*, 612 F.2d 368 (1980). Underwood's contention that his constitutional rights were violated merely because his parole was revoked does not, of itself, give rise to an action under the civil rights statute. There is no allegation that he was denied due process in the parole revocation proceeding nor that the defendants did anything other than supply information to federal officials.

Underwood's contention that his due process rights were violated because the prosecutor refused to transfer him to Arkansas to try him on the charge named is without merit. The defendant, Paul X Williams, Jr., on behalf of himself and his codefendant, Lonnie C. Turner, has advised this court that since Underwood's incarceration in Texarkana, that these charges have been dismissed. Therefore no such charges are now pending against Underwood, and that portion of his appeal is moot.

The judgment of the district court is therefore affirmed.

2. Since there is no detainer outstanding the Interstate Agreement on Detainers Act, Ark. Stat.Ann. § 43–3201 (1977 Repl.), which provides for the dismissal of charges for failure to prosecute within a specified time limit after a request for final disposition is made, is inapplicable.