**NORTHWOOD APARTMENTS,
Plaintiff-Appellant,**

v.

**Max LaVALLEY, Thomas Sommerville
and City of Royal Oak,
Defendants-Appellees.**

No. 79–1536.

United States Court of Appeals,
Sixth Circuit.

Decided March 16, 1982.

Thomas J. Beale, Hyman, Gurwin, Nachman, Friedman & Winkelman, Southfield, Mich., for plaintiff-appellant.

Milton Lucow, Rosalind Rochkind, Garan, Lucow, Miller, Lehman, Seward & Cooper, Detroit, Mich., Terrance H. Brennan, Daniel Sawicki, Royal Oak, Mich., for defendants-appellees.

Before MERRITT and BROWN, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

PER CURIAM.

This is an action seeking money damages filed in the Eastern District of Michigan by Northwood Apartments pursuant to 42 U.S.C. §§ 1983 and 1985. Northwood, a co-partnership that owned an apartment building in Royal Oak, Michigan, alleged that the defendants had denied it federal due process and its equal protection right to free access to the courts in assessing the apartment for real estate taxes. The district court granted defendants' motion to dismiss on the ground that it did not have subject matter jurisdiction because the action was barred by the Tax Injunction Act, 28 U.S.C. § 1341, or on the ground that it must abstain for reasons of comity.

On Northwood's appeal, this court reversed and remanded to the district court, holding that the Tax Injunction Act was not a bar and that there was no legal basis to abstain. *Northwood Apartments v. Max LaValley et al*, 649 F.2d 401 (6th Cir. 1981).

On petition for *certiorari*, the Supreme Court, by order entered December 14, 1981, vacated the judgment of this court and remanded "for further consideration in the light of *Fair Assessment in Real Estate Association, Inc. v. McNary*, 454 U.S. ——, 102 S.Ct. 177, 70 L.Ed.2d 271 (1981)."

In *McNary* the issue was, as stated by the Court, "[w]hether a damages action may be brought under 42 U.S.C. § 1983 to redress the allegedly unconstitutional administration of a state tax system." At ——, at 178. The Court held that it was unnecessary to decide whether the Tax Injunction Act presented a bar to the damage action since in any event, under principles of comity, abstention is required.

It therefore appears that this court erred in holding that abstention is improper and in reversing the district court for dismissing on that basis.

Accordingly, IT IS ORDERED that the judgment of this court reversing the judgment of the district court be and the same is hereby vacated.

The judgment of the district court is affirmed.