**Charles Edward HAMPTON, Appellant,**

v.

**Ralph MOUSER, Sheriff of Stoddard County, Missouri, Appellee.**

**No. 82–1936.**

United States Court of Appeals, Eighth Circuit.

Submitted March 11, 1983.

Decided March 16, 1983.

Donald Rhodes, Bloomfield, Mo., for appellee.

Before BRIGHT, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and McMILLIAN, Circuit Judge.

PER CURIAM.

Appellant Charles Edward Hampton, currently an inmate at the federal penitentiary in El Reno, Oklahoma, appeals pro se from the district court's[1] dismissal of his section 1983 complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim. We affirm.

Appellant alleges that Ralph Mouser, Sheriff of Stoddard County, Missouri, wrote a letter containing numerous false statements about him to the United States probation officer conducting a presentence investigation of appellant. This letter was included in the presentence report, and specifically mentioned by the trial judge at appellant's sentencing hearing. Appellant contends that because of Sheriff Mouser's letter, he received an unusually stiff sentence. Appellant further claims that the letter's presence in his files has adversely affected his chances of parole and kept him out of prison programs and work details.

The district court dismissed the complaint because appellant failed to state any constitutional deprivation cognizable under section 1983. Moreover, appellant did not plead a sufficient connection between Sheriff Mouser's act of writing the letter and the severity or terms of appellant's confinement.[2]

---

1. The Honorable H. Kenneth Wangelin, Chief Judge, United States District Court for the Eastern District of Missouri.

2. 42 U.S.C. § 1983 (Supp.III 1979) provides that the defendant must have subjected the plaintiff, or caused him to be subjected, to the deprivation of a constitutional right. Causa-tion is thus an element of every section 1983 action. *See, e.g., Arnold v. International Business Machines Corp.,* 637 F.2d 1350, 1355–56 (9th Cir.1981).

We have reviewed the district court record and find no error of law or fact. Accordingly, we affirm on the basis of the district court's well-reasoned opinion. *See* 8th Cir.R. 14.