Wayne MORTON, Appellant,

v.

Dennis BECKER and John Berner, Chief of Police, and Homer Sayad, Charles Valier, Thomas Purcell, Dr. Jerome Williams and Vincent Schoemehl, individually as members of the Board of Police Commissioners, St. Louis, Missouri, Appellees.

No. 85–1673.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 14, 1986.

Decided June 6, 1986.

Rehearing Denied July 7, 1986.

Mary Elizabeth Kaslick, St. Louis, Mo., for appellant.

Michelle C. Clay, St. Louis, Mo., for appellees.

Before McMILLIAN and JOHN R. GIBSON, Circuit Judges, and MURPHY,* District Judge.

* The HONORABLE DIANA E. MURPHY, United States District Judge for the District of Minnesota, sitting by designation.

JOHN R. GIBSON, Circuit Judge.

Wayne Morton appeals from the district court's dismissal of his suit brought under 42 U.S.C. § 1983 (1982), against Dennis Becker, a City of St. Louis police officer, John Berner, City of St. Louis Police Chief, and named members of the St. Louis Board of Police Commissioners,[1] for failure to state a claim upon which relief can be granted. We affirm the district court's dismissal of the case.

Morton alleged in his complaint that members of the St. Louis Police Department seized his car under the mistaken belief that it was stolen, and executed a hold order which identified the car as stolen. The essence of Morton's claim was that the appellees refused to either lift the hold order, or issue an affidavit to the Missouri Department of Revenue affirmatively stating that the car was not stolen. This conduct, Morton asserted, deprived him of his property interest in the car, and in the goodwill of his business, without the due process of law guaranteed him by the fifth and fourteenth amendments.

The district court held that Morton's complaint failed to allege deprivation of a property interest cognizable under section 1983, concluding that the complaint stated at most a cause of action for defamation. On appeal, Morton argues that his complaint stated more than a defamation cause of action: it alleged deprivation of constitutionally protected property interests and therefore was sufficient to state a section 1983 cause of action. We conclude that Morton's complaint, even were it sufficient to state injury to a constitutionally cognizable property interest, fails to state a causal connection between defendant's conduct and the alleged injuries. For this reason we conclude that the complaint fails to state a cause of action under section 1983.

The allegations of Morton's complaint can be summarized as follows: Morton is an automobile dealer in Barnhart, Missouri. In May 1980 he sold a 1979 Chevrolet Camaro to a St. Louis automobile dealer. In June 1980 that dealer sold the car to Joseph and Mary Santangello. On or about March 10, 1982, Dennis Becker, and other unknown St. Louis police officers, seized the car from the Santangellos, claiming that it had been reported as a stolen vehicle. During the seizure, the St. Louis Police Department placed a hold order on the car identifying it as stolen. On March 25, 1982, the police returned the car to the Santangellos along with a Vehicle Examination Certificate which stated that the car had not been stolen. The Certificate also stated that copies were to be mailed to the Missouri Department of Revenue and Highway Patrol Headquarters. A copy of the Certificate was attached to the complaint as an exhibit. After return of the car, the St. Louis Police failed to lift the hold order.

Morton alleged that on or about May 15, 1982, he repurchased the car from the Santangellos, in part to minimize injury to his professional reputation. He subsequently made explicit demands on the St. Louis Metropolitan Police Department to lift the hold order, or to issue an affidavit to the Missouri Department of Revenue stating that the vehicle had not been stolen. The Police Department refused and thus, he contended, thwarted his attempts to acquire proper title and registration from the Department of Revenue. Morton also alleged that he was stopped by the City of Pevely Police Department and his car temporarily confiscated because of the continued effect of the St. Louis hold order. Thus, Morton contended, the appellees' conduct prevented him from reselling the vehicle; implicated him as a dealer in stolen vehicles, causing his customers to be aware of these implications; deprived him of the value of the automobile; and caused him to suffer serious business losses.

The district court concluded that Morton's complaint was insufficient to state a section 1983 cause of action because the

---

1. The complaint was ambiguous on whether the members of the Board of Police Commissioners were sued in their individual or official capacities. The district court determined that they were sued in their official capacities and appellant does not challenge this conclusion.

facts alleged did not indicate that Morton was deprived of any liberty or property interest protected by the fifth and fourteenth amendments. *Morton v. Becker,* No. 84–2818, slip op. at 2 (E.D.Mo. May 2, 1985). The court found that the complaint stated at most a cause of action for defamation, and invoked Supreme Court and Eighth Circuit authority requiring more than alleged injury to reputation to state a section 1983 cause of action. *Id.* at 3 (*citing Paul v. Davis,* 424 U.S. 693, 710, 96 S.Ct. 1155, 1165, 47 L.Ed.2d 405 (1976); *Miner v. Brackney,* 719 F.2d 954, 955 (8th Cir.1983), *cert. denied,* 467 U.S. 1259, 104 S.Ct. 3854, 82 L.Ed.2d 856 (1984); *Underwood v. Pritchard,* 638 F.2d 60, 62 (8th Cir.1981); *Clark v. Solem,* 628 F.2d 1120, 1121 (8th Cir.1980); *Green v. DeCamp,* 612 F.2d 368, 370 (8th Cir.1980)).

Whether a complaint states a cause of action is a question of law which we review on appeal de novo. *See North Star International v. Arizona Corporation Commission,* 720 F.2d 578, 580 (9th Cir.1983). In judging the propriety of the dismissal of a section 1983 claim under Federal Rule of Civil Procedure 12(b)(6), we are guided by the standard that a motion to dismiss a complaint should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief. *Thomas W. Garland, Inc. v. City of St. Louis,* 596 F.2d 784, 787 (8th Cir.), *cert. denied,* 444 U.S. 899, 100 S.Ct. 208, 62 L.Ed.2d 135 (1979). We must take the well-pleaded allegations of the complaint as true, and construe the complaint, and all reasonable inferences arising therefrom, most favorably to the pleader. *United States v. Mississippi,* 380 U.S. 128, 143, 85 S.Ct. 808, 816, 13 L.Ed.2d 717 (1965); *see also Bennett v. Berg,* 685 F.2d 1053, 1058–59 (8th Cir.1983); *Bramlet v. Wilson,* 495 F.2d 714, 717 (8th Cir.1974). Ordinarily, only the facts alleged in the complaint are considered in ruling on a 12(b)(6) motion. However, materials attached to the complaint as exhibits may be considered in construing the sufficiency of the complaint. *Goldman v. Belden,* 754 F.2d 1059, 1065 (2d Cir.1985);

*Quiller v. Barclays American/Credit, Inc.,* 727 F.2d 1067, 1069 (11th Cir.1984); *AmFac Mortgage Corp. v. Arizona Mall of Tempe,* 583 F.2d 426, 430 (9th Cir.1978).

Bearing this standard in mind, we look now to the elements required to state a section 1983 cause of action. To state a claim under section 1983, a complaint must allege deprivation of a right, privilege or immunity secured by the Constitution and laws of the United States through the conduct of persons acting under color of state law. 42 U.S.C. § 1983. Causation is an essential element of a section 1983 cause of action. *See, e.g., Reimer v. Smith,* 663 F.2d 1316, 1322 & n. 4 (5th Cir.1981) (it is axiomatic that a plaintiff cannot succeed in a section 1983 action if he or she fails to demonstrate a causal connection between the state official's alleged wrongful action and the alleged deprivation); *Arnold v. International Business Machines Corp.,* 637 F.2d 1350, 1355–56 (9th Cir.1981) (causation, while frequently not mentioned, is an implicit requirement in a section 1983 action). If it appears from the complaint, including its reasonable inferences, that there is no causal connection between the alleged deprivations and the challenged conduct, the complaint may properly be dismissed for failure to state a claim. *See Hampton v. Mouser,* 701 F.2d 766, 767 n. 2 (8th Cir.1983) (per curiam) (summarily affirming district court's dismissal of section 1983 complaint for failure to state a claim where allegations failed to show that the defendant's conduct was the cause of plaintiff's injury).

The thrust of the district court's analysis was that Morton's complaint stated no more than a cause of action for defamation. In *Paul v. Davis,* 424 U.S. 693, 710, 96 S.Ct. 1155, 1165, 47 L.Ed.2d 405 (1976), the United States Supreme Court held that defamatory publications, regardless of how injurious to the petitioner's reputation, cannot alone form the basis of a section 1983 action. The plaintiff must allege additionally injury to an interest comprehended within the meaning of the Constitution or

laws of the United States. *Id.* The court further held that among these interests are some which achieve constitutional status by virtue of the fact that they were initially recognized and protected by state law. To these interests, the procedural guarantees of the fourteenth amendment apply. *Id.* at 710–11, 96 S.Ct. at 1165; *see also State of Missouri v. Wochner,* 620 F.2d 183, 185 (8th Cir.), *cert. denied,* 449 U.S. 875, 101 S.Ct. 218, 66 L.Ed.2d 96 (1980).

■ On appeal, Morton stresses that his complaint states injury to property interests cognizable under the fourteenth amendment. He argues that the allegations of the complaint, and the reasonable inferences arising therefrom, implicate injury to at least two property interests. First, without a certificate of title, Morton cannot use, sell or transfer his interest in the car under Missouri law. The appellees' refusal to lift the hold order or to issue an affidavit stating that the car was not stolen, Morton maintains, precludes him from obtaining a new certificate of title for his car and thus significantly impairs his ownership interest in the vehicle, a property interest. Second, due to the appellee's conduct, Morton alleges, his use of the car is interrupted by stops by other police departments and thus his property interest in the car is, again, significantly impaired.[2]

■ We believe that the factual allegations of Morton's complaint fail to support a sufficient causal connection between the alleged deprivations and the appellees' actions. Because we affirm the district court's order on this basis, we need not address the question whether the complaint states injury to constitutionally cognizable property interests.

The substance of Morton's contentions is that the appellees refused to take steps to notify the Department of Revenue that the vehicle was not stolen and thus caused the Department to deny his requests for a certificate of registration and clear title to the vehicle. In addition, while this is not clearly stated, Morton apparently contends that the appellees also failed or refused to issue affidavits notifying other agencies that the car was not stolen, thus engendering the City of Pevely Police stop. However, the Vehicle Examination Certificate expressly declares that the St. Louis Police Department has determined that the car was not stolen. The Certificate states that copies were to be forwarded to the Missouri Department of Revenue and to the State Highway Patrol. The Certificate clearly is intended to remove the car from the list of reportedly stolen vehicles and, absent a sufficient allegation that the appellees declined to take these steps, the issuance of the Certificate disrupts the causal connection between the appellees' alleged conduct and Morton's alleged injuries.[3]

Because the complaint, through the attached Vehicle Examination Certificate, shows that the St. Louis Police Department provided for notification of the Missouri Department of Revenue and Highway Pa-

---

2. Morton's complaint also alleged loss of business goodwill as a result of appellees' conduct. Under Missouri law, one has a protectable property interest in business goodwill. *See Mann v. Fisher,* 51 F.Supp. 550 (W.D.Mo.1943). Morton refers us to a decision of the Fifth Circuit Court of Appeals which found that deprivation of business goodwill may be sufficient ground for a section 1983 cause of action. *See Marrero v. City of Hialeah,* 625 F.2d 499, 515–16 (5th Cir. 1980). The allegations of Morton's complaint regarding loss of business goodwill are, however, conclusory and without sufficient factual basis to survive a motion to dismiss for failure to state a claim. *Cf. Marrero,* 625 F.2d at 516 (complaint alleged that officials stated on local television that all appellant's inventory in jewelry store consisted of stolen property).

3. Morton's complaint does not allege that the St. Louis Police Department intentionally declined to forward the Vehicle Examination Certificate and we will not presume that fact. Whatever doubt that previously might have existed regarding whether simple lack of due care resulting in deprivation of a property interest is sufficient to state a section 1983 cause of action has been resolved by the Supreme Court's recent holding, in *Daniels v. Williams,* —— U.S. ——, 106 S.Ct. 662, 663, 88 L.Ed.2d 662 (1986), that "the Due Process clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty or property." *Accord Davidson v. Cannon,* —— U.S. ——, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986).

trol that the Morton vehicle was not stolen, we conclude that Morton's inability to obtain a new title for the vehicle, or to freely operate the vehicle within the state, was not caused by the refusal to issue an affidavit further stating this fact. Morton does not allege an independent right to an affidavit confirming the information contained in the Certificate, nor does he contend that the Certificate was insufficient to notify the relevant agencies that his car was not stolen. Therefore, on the face of the complaint, with its attached exhibit, there is an insuperable barrier to recovery on his section 1983 claim. This determination does not require the resolution of disputed facts, and is therefore appropriately decided on a rule 12(b)(6) motion. *Compare Mitchell v. Archibald & Kendall, Inc.,* 573 F.2d 429, 432 (7th Cir.1978) (where plaintiffs' complaint stated facts sufficient to identify the boundaries of their property, the district court's dismissal of the complaint for failure to state a claim on the basis that the offense did not occur on the plaintiff's property, was a determination that the complaint was legally insufficient, not a resolution of disputed facts).

We conclude that the complaint, including the reasonable inferences arising therefrom, failed to state a section 1983 cause of action. We therefore need not address the sufficiency of the complaint to state a claim against the named members of the Board of Police Commissioners.

For the foregoing reasons, we affirm the district court's dismissal of the case.