891 F.2d 291
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Earl MAURER, Joan Maurer, Leo E. McIntire, V. Ione Riley,
James C. Mitchell, Mary Mitchell, Olga Huff, George J.
Corey, Donald L. Bishop, Joseph C. Kalman, William Renberg,
Katherine Mitchell, Earl H. Mitchell, Shirley J. Maurer,
John M. Bailey, Elizabeth Sanglier, Sandra K. Mullaney,
Kelcy Edmonds, Thelma Edmonds, Chancey Cook, and Glynes
Cook, Plaintiffs-Appellants,
v.
Edgar STEELE, James Dean, Robert Hicks, Lulabell Mulholland,
William Metzger, Mary House, Jean Yeazel, Frank
Beauregard, and Linda Boron, Defendants-Appellees.
 No. 88-2179.
 United States Court of Appeals, Sixth Circuit.
 Dec. 5, 1989.
 
 Before KRUPANSKY and DAVID A. NELSON, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge
 PER CURIAM.
 
 
 1
 Appellants appeal the dismissal of their action brought under 42 U.S.C. § 1983 challenging the allegedly discriminatory real estate tax assessment practices of appellee Edgar Steele and various other officials of the Township of Loud, Montmorency County, Michigan. The district court dismissed the action, ruling that according to established principles of comity and abstention the controversies at issue in appellants' suit should be resolved in state court.
 
 
 2
 Appellants commenced the underlying section 1983 action on September 14, 1988, alleging generally that appellee Steele and the other named local officials had engaged in the repeated over-assessment of appellants' real estate holdings. Appellants alleged that appellee Steele assessed their property at excessive values in retaliation for appellants' unsuccessful efforts in 1985 to recall Steele from his position as Loud Township Supervisor. Appellants alleged in their complaint that appellees' conduct violated their first and fourteenth amendment rights to free speech. The record indicates that on at least one occasion, appellants successfully sought redress for the over-assessments from the Michigan Tax Tribunal.
 
 
 3
 For the reasons stated by the district court, this court concludes that appellants' civil rights action was not adjudicable in federal court. In Fair Assessment in Real Estate Ass'n, Inc. v. McNary, 454 U.S. 100, 102 S.Ct. 177 (1984), the Supreme Court held that challenges to the allegedly unconstitutional administration of state taxing schemes are not cognizable in a federal forum unless a plaintiff can show that state-provided remedies are not "plain, adequate, and complete." Id., 454 U.S. at 116, 102 S.Ct. at 186. Also, in Northwood Apartments v. LaValley, 649 F.2d 401 (6th Cir.), vacated, 454 U.S. 1118, 102 S.Ct. 962 (1981), on remand, 673 F.2d 159 (6th Cir.1982), this court, following McNary, held that suits alleging that a local tax collector or assessor has acted in a retaliatory or vindictive manner are likewise adjudicable only in state court.
 
 
 4
 Appellants in the instant case have not alleged or demonstrated that the remedies available to them either from the Michigan Tax Tribunal or from Michigan State court are not "plain, adequate, and complete." Thus, the district court was correct in dismissing the case for the reasons stated in its order dated October 14, 1988, and its order of dismissal is hereby affirmed.