**Shirley RUGE, Personal Representative of Curt Manke, Deceased,**

v.

**CITY OF BELLEVUE, Appellee.**

**No. 89–1258.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 10, 1989.

Decided Dec. 26, 1989.

John P. Grant, Omaha, Neb., for appellant.

Brian D. Nolan, Omaha, Neb., for appellee.

Before LAY, Chief Judge, SNEED,[*] Senior Circuit Judge and WOLLMAN Circuit Judge.

LAY, Chief Judge.

Shirley Ruge appeals the dismissal of her complaint under Fed.R.Civ.P. 12(b)(6). She alleges the City of Bellevue (hereinafter the City) violated the civil rights act under 42 U.S.C. § 1983, by causing the death of her son Curt Manke. We reverse and remand for further proceedings.

**Background**

Curt Manke was an employee of the City of Bellevue's sewer department. He was killed when a fourteen foot ditch he was working in collapsed. Shirley Ruge, his mother and the personal representative of his estate, filed this lawsuit under section 1983 alleging the City had a deliberate policy of not shoring up ditches and then requiring employees to work in them without warning of the dangers. She alleges this policy deprived her son of his life in violation of his fifth amendment right to substantive due process.

The City moved for dismissal under Fed.R.Civ.P. 12(b)(6), arguing the factual allegations contained in the complaint failed to establish a constitutional violation sufficient to state a claim upon which relief could be granted under section 1983. The district court[1] held that in order for negligence to rise to the level of a constitutional violation sufficient to state a claim upon which relief could be granted under section 1983, the plaintiff must allege a policy of reckless disregard, deliberate indifference, or gross negligence on the part of the City. Finding Ruge's petition to be merely conclusory and lacking allegations of fact which could establish such a policy, the district court granted the City's motion to dismiss.

**Discussion**

The dismissal of a complaint pursuant to Fed.R.Civ.P. 12(b)(6) is reviewed de novo. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir.1986). In conducting that review, we examine the complaint in the light most favorable to the plaintiff, *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir.1978) (citing *Bramlet v. Wilson*, 495 F.2d 714, 716 (8th Cir.1974)), *cert. denied*, 439 U.S. 1070, 99 S.Ct. 839, 59 L.Ed.2d 35 (1979), to determine whether it is "beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

Section 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State * * * subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

In *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), the Supreme Court held that municipalities could be sued under section 1983 only where the municipality "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers," or where "constitutional deprivations [occurred] pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Id.* at 690–91, 98 S.Ct. at 2035–36.

In establishing municipal liability under section 1983, the plaintiff must prove that the City deprived the decedent of his consti-

---

[*] The HONORABLE JOSEPH T. SNEED, Senior Circuit Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation.

1. The Honorable William G. Cambridge, United States District Judge for the District of Nebraska.

tutional rights through a governmental policy such that it is culpable for the resulting injuries. In *City of Canton, Ohio v. Harris,* —— U.S. ——, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989), the Supreme Court held that the failure to adequately train police officers could be the basis for municipal liability under section 1983 only where that failure amounted to a deliberate indifference to the constitutional rights of the victim. *Id.* 109 S.Ct. at 1204. In *City of Canton,* the Supreme Court determined that for a policy of a municipality to provide the basis for a violation of substantive due process it must be shown: (1) that the policy is inadequate; (2) the adoption of such a policy reflects a deliberate indifference to the constitutional rights of the plaintiff; and (3) the policy caused a violation of the plaintiff's constitutional rights. *Id.* 109 S.Ct. at 1205–07; *see also Merritt v. County of Los Angeles,* 875 F.2d 765, 770 (9th Cir.1989) (construing *City of Canton,* 109 S.Ct. 1197).

 Analyzing this complaint in light of the rule 12(b)(6) dismissal, the plaintiff alleged that the City has formulated and adhered to a long standing policy of not shoring up the walls of ditches into which it sends its employees, that the City knew of the dangers of such conduct, that it continued to require its employees to work in such ditches, and that it intentionally failed to warn those employees of the dangers involved in such work.[2] Viewing these allegations in the light most favorable to the plaintiff, we cannot say that it is beyond doubt that the plaintiff will be unable to prove any set of facts in support of her claim that would entitle her to relief.[3]

The City argues additionally that the facts contained in the complaint are insufficient to support a claim under section 1983 because of the absence of allegations of improper state action. In support of this proposition the City relies upon *McClary v. O'Hare,* 786 F.2d 83 (2d Cir.1986), and *Rankin v. City of Wichita Falls, Tex.,* 762 F.2d 444 (5th Cir.1985). In *McClary,* an employee of the county highway department was killed when a wire cable on a crane broke, causing the boom to fall and strike the decedent. The plaintiff brought a section 1983 action alleging that the county's deliberate disregard and violation of state law had created a risk of injury or death and thus deprived the decedent of his life in violation of his substantive due process right to life. The Second Circuit affirmed the dismissal of the complaint for failure to state a cause of action upon which relief could be granted, finding that the decedent's death was not caused by a constitutional violation. The *McClary* court found that reckless acts of a government employer are not actionable under section 1983 unless the conduct complained of is "uniquely governmental in character." *Id.* at 89 n. 6. The *McClary* court stated:

We do not think that improper actions taken by employers violate an employee's substantive due process rights simply because that employer is a government official. This is simply not a case in which a government official, because of his unique position as such, was able to impose a loss on an individual. In sum, under these circumstances, the substantive component of the Due Process Clause does not provide a remedy to a

---

**2.** We note that the complaint alleges conduct of the City being taken "by and through its agents." However, as counsel acknowledged on appeal, liability for the actions or conduct of its agents cannot be extended to the City solely on a theory of *respondeat superior. Monell,* 436 U.S. at 691, 98 S.Ct. at 2036.

**3.** The district court found that the complaint failed to allege specific facts establishing that the City's practice was more than a single set of circumstances relating to the decedent. However, while an inference of an unconstitutional policy may not be taken from a single incident, *Oklahoma City v. Tuttle,* 471 U.S. 808, 821–24,

105 S.Ct. 2427, 2435–37, 85 L.Ed.2d 791 (1985), a single incident may be enough to establish municipal liability. *Pembaur v. Cincinnati,* 475 U.S. 469, 480, 106 S.Ct. 1292, 1298–99, 89 L.Ed.2d 452 (1986) (finding that the decisions or conduct of municipal policymakers on a single occasion could constitute a "policy" and provide the grounds for section 1983 liability). The crucial question is whether the action taken that caused the loss was pursuant to a *policy* of the municipality. *See Pembaur,* 475 U.S. at 483–84, 106 S.Ct. at 1300–01. On the record before us, we are satisfied that the plaintiff has alleged sufficient grounds in her complaint to proceed.

public employee that would not be available to a private employee subject to identical conduct by his employer.

*McClary,* 786 F.2d at 89 (citation and footnote omitted).[4]

In *Rankin,* the decedent worked at a municipal water treatment plant and drowned while attempting to save another employee who had fallen into one of the water treatment tanks. The plaintiff sued the municipality alleging that various safety defects in the work site were obvious and known, and existed pursuant to customs and practices of the municipality. The Fifth Circuit affirmed the dismissal of the complaint on the grounds that it failed to state a claim for relief under the Civil Rights Act.[5]

The City argues that *McClary* and *Rankin* stand for the proposition that in an employer-employee relationship where the plaintiff fails to show the state conduct complained of was of a "uniquely governmental character" there is no abuse of government authority and thus no improper state action. The City concludes, therefore, that the complaint in this case should be dismissed for lack of improper state action because it fails to allege the City's conduct was of a "uniquely governmental character."

The City, however, has failed to fully analyze these cases. As explained by the *McClary* court, their holding would not preclude all actions against a municipality simply because the municipality was acting as an employer. The court stated that the uniquely governmental character test would not exclude "grossly negligent, reckless, or intentional abuses of *governmental* authority from the purview of section 1983." 786 F.2d at 89 n. 6. "Where harms caused by government employers to their employees are attributable to the abuse of the government's authority rather than to an ordinary tort, such harms would continue to be actionable under section 1983." *Id.* The actual holding in *McClary* is that the decedent's death was not caused by any established state procedure and therefore did not constitute a constitutional deprivation. 786 F.2d at 87.[6]

■ Thus, where the state abuses its governmental power through an alleged policy of actively placing a person into a situation of known danger the Constitution proscribes and limits such action. *Cf. Bradberry v. Pinellas County,* 789 F.2d 1513, 1517 (11th Cir.1986) (distinguishing

---

**4.** If the conduct complained of by a plaintiff can be shown to have been taken pursuant to a "policy" of the municipality with the required degree of culpability, the fact a public employee is able to recover where a private employee could not is irrelevant. That the constitution prohibits such acts when taken by the state or municipality and not by private actors says no more than the obvious; the fourteenth amendment bars state action, not private action. *See, e.g., Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974); *Gay & Lesbian Students Ass'n v. Gohn,* 850 F.2d 361, 365–66 (8th Cir.1988); *Pariser v. Christian Health Care Sys., Inc.,* 816 F.2d 1248, 1252 (8th Cir.1987).

**5.** The *Rankin* court assumed the municipality's conduct rose to the level of negligence necessary to state a claim for relief under section 1983 but held:

[P]recedent indicates that for a complaint to state a constitutional claim under section 1983, the plaintiffs must at least make allegations sufficient to permit them to prove the abuse of a special authority or obligation of government.

* * * * * *

Because [decedent's] employment relationship with the City of Wichita Falls placed him in no more restraint than would have been entailed in an ordinary private employment relationship, and because the existence of the alleged workplace defects here did not amount to a misuse of government power, we hold that the complaint does not state a claim upon which relief may be granted.

* * * * * *

We hold that the complaint here does not contain allegations sufficient to make out a claim of the sort of abuse of government power necessary to elevate an ordinary tort claim to constitutional status.

*Rankin,* 762 F.2d at 448–49.

**6.** The distinction between these two situations is illustrated in this very case. The death of Curt Manke while working for the City does not, in itself, violate the constitution. The constitutional violation occurs when his death is caused by an inadequate municipal policy, adopted with the requisite culpability. It is then that an abuse of government authority arises sufficient to state a cause of action under section 1983.

between situations where a state actively places someone in danger and where the state fails to help someone already exposed to a risk not created by the governmental body, and holding that no liability under section 1983 arises in the latter situation). However, where the state simply commits a tort, there is no misuse of government power when "the event, however tragic, was an accident neither the occurrence of which nor the particular victim of which could have been predicted." *McClary*, 786 F.2d at 87. We deem a policy, if adopted and proven, that would show a city actively pursued conduct which was deliberately indifferent to the constitutional rights of its citizens, would reach constitutional dimensions and be actionable under the Civil Rights Act. *See City of Canton*, 109 S.Ct. at 1204. In the present case, the plaintiff has alleged such a policy and, therefore, has satisfied the "state action" requirement for purposes of rule 12(b)(6).

**Conclusion**

For the reasons set forth above, we are satisfied the plaintiff's complaint is sufficient to survive a motion to dismiss under rule 12(b)(6). However, on this record we are unable to determine whether the action complained of was pursuant to a "policy" on the part of the City and whether the other elements of a section 1983 action, as discussed above, are present. We therefore remand to the district court for further proceedings not inconsistent with this opinion.

For the reasons set forth above, we reverse and remand this case to the district court.