Elmer P. SCHECKEL, Plaintiff,

v.

IOWA DEPARTMENT OF REVENUE AND FINANCE and Gerald D. Bair, Defendants.

No. C03–2013 LRR.

United States District Court, N.D. Iowa, Eastern Division.

Nov. 24, 2003.

Elmer P. Scheckel, Oelwein, IA, Pro se.

Marcia E. Mason, Asst. Atty. Gen., Des Moines, IA, for Defendant.

## ORDER REGARDING MOTION TO DISMISS

READE, District Judge.

### I.  INTRODUCTION

This matter is before the Court pursuant to Defendant Iowa Department of Revenue and Finance's (the "Department") Motion to Dismiss (docket no. 4).  The Court held a hearing on the Motion to Dismiss on November 19, 2003.  Plaintiff was personally present.  The Department was represented by Assistant Attorney General Marcia Mason.

On March 6, 2003, *pro se* Plaintiff Elmer P. Scheckel filed suit in this Court.  In his Complaint, Scheckel seeks to:  (1) prevent the Department from collecting state income taxes from him;  and (2) obtain a refund of all state income taxes he has paid to the State of Iowa. The Department moves to dismiss Scheckel's Complaint on the grounds that this Court is precluded from exercising subject matter jurisdiction under:  (1) the Eleventh Amendment;  (2) the Tax Injunction Act, 28 U.S.C. § 1341; and (3) the principle of comity.  In response, Scheckel argues that this Court may exercise subject matter jurisdiction pursuant to 28 U.S.C. § 1343, 42 U.S.C. § 1985, 42 U.S.C. § 1983, and Article III, § 2.

### II.  ANALYSIS

#### A.  Standard

A motion to dismiss shall be granted if the complaint fails to allege facts sufficient to invoke the court's subject matter jurisdiction.  *See* Fed.R.Civ.P. 12(b)(1).  On a motion to dismiss, the court must take the plaintiff's facts as alleged as true.  *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir.1990).  Additionally, the court must construe favorably to the plaintiff the allegations in the complaint and all reasonable inferences arising therefrom.  *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir.1986). A motion to dismiss will be granted if it appears beyond a reasonable doubt that the plaintiff can prove no set of facts that would entitle him to relief.  *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

#### B.  Subject Matter Jurisdiction

#### 1.  Eleventh Amendment

The Eleventh Amendment to the United States Constitution provides: "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of

another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. By its terms, the Eleventh Amendment shields states from suits by non-citizens. However, over one-hundred years ago the Supreme Court held that the Eleventh Amendment also prohibits suits against a state by its own citizens. *Hans v. Louisiana*, 134 U.S. 1, 15, 10 S.Ct. 504, 33 L.Ed. 842 (1890). The Eleventh Amendment has been interpreted to ban suits in federal court against unconsenting states. *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 72, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996). The Eleventh Amendment's immunity "encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities." *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429, 117 S.Ct. 900, 137 L.Ed.2d 55 (1997); *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984) (holding that "in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment"). As a result, "a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment." *Edelman v. Jordan*, 415 U.S. 651, 663, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974).

■ In the present case, Scheckel filed suit against the Department, a state agency. The State of Iowa is the real party in interest and the Court finds the Department is protected from Scheckel's suit in federal court under Eleventh Amendment immunity. The Court therefore holds that to the extent Scheckel seeks monetary relief against the State of Iowa, his action is barred by the Eleventh Amendment to the United States Constitution.

## 2. Abrogation of Eleventh Amendment Immunity

Scheckel contends this Court may exercise jurisdiction pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, and 42 U.S.C. § 1985. Although Scheckel provides no explanation or supporting authority for his position, the Court presumes Scheckel intends to argue that these provisions reveal a congressional intent to abrogate the states' Eleventh Amendment immunity. The Court finds Scheckel's argument to be meritless.

■ Section 1983 does not override the states' Eleventh Amendment immunity. *See Quern v. Jordan*, 440 U.S. 332, 342, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979). Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum to litigants suing a state for deprivations of civil liberties. The Supreme Court held in *Quern* that Congress did not intend to disturb states' Eleventh Amendment immunity and upset the federal-state balance of power.

■ Similarly, the jurisdictional counterpart of § 1983, 28 U.S.C. § 1343(a)(3), also fails to reveal a congressional intent to grant federal jurisdiction over federal constitutional claims against states. If Congress had intended such a result, it would have stated so. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). In fact, Congress could not have ensured such a result without making its intentions "unmistakably clear in the language of the statute." *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 242, 105 S.Ct. 3142, 87 L.Ed.2d 171 (1985). Moreover, the Supreme Court has stated that § 1343 is narrower in scope than § 1983. *Fair Assessment in Real Estate Assoc. v.*

*McNary,* 454 U.S. 100, 104 n. 3, 102 S.Ct. 177, 70 L.Ed.2d 271 (1981).[1]

■ Likewise, the Court rejects Scheckel's argument that § 1985 confers subject matter jurisdiction. *See Lawyer v. Hilton Head Pub. Serv. Dist. No. 1,* 220 F.3d 298, 302–03 (4th Cir.2000) (finding that the Tax Injunction Act and principles of comity bar federal court from considering action for damages under § 1985 based on a conspiracy to violate civil rights, or under takings clause, in which plaintiff challenges validity of a state tax, where state law provides a plain, adequate, and complete remedy). *See also Northwood Apartments v. Lavalley,* 673 F.2d 159 (6th Cir.1982) (finding, without explanation, that principles of comity precluded the district court from hearing a claim for damages under § 1985, challenging the validity of a state tax).

### 3. *Tax Injunction Act*

The Tax Injunction Act (the "TIA") forbids federal courts from exercising jurisdiction over certain kinds of claims involving state taxation. The TIA states:

> The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.

28 U.S.C. § 1341. The TIA is first and foremost a vehicle "to limit drastically federal district court jurisdiction to interfere with so important a local concern as the collection of taxes." *Arkansas v. Farm Credit Serv.,* 520 U.S. 821, 826, 117 S.Ct. 1776, 138 L.Ed.2d 34 (1997) (quoting *Rosewell v. LaSalle Nat'l Bank,* 450 U.S. 503, 522, 101 S.Ct. 1221, 67 L.Ed.2d 464 (1981)). The TIA "reflects a congressional concern to confine federal court intervention in

state government." *Id.* at 826–27, 117 S.Ct. 1776.

■ The TIA bars actions for declaratory relief that could interfere with the states' tax collection processes, as well as actions for outright injunctive relief. *California v. Grace Brethren Church,* 457 U.S. 393, 396, 102 S.Ct. 2498, 73 L.Ed.2d 93 (1982). *See also Jefferson County, Alabama v. Acker,* 527 U.S. 423, 433, 119 S.Ct. 2069, 144 L.Ed.2d 408 (1999) ("By its terms, the TIA bars anticipatory relief, suits to stop ('enjoin, suspend or restrain') the collection of taxes."). The TIA prohibition specifically has been applied to § 1983 suits in which the plaintiff seeks an injunction. *Burris v. City of Little Rock,* 941 F.2d 717, 720 (8th Cir.1991).

■ The Court finds that the statutes and administrative acts of the State of Iowa offer remedies to taxpayers in tax disputes that are sufficient to invoke the Tax Injunction Act. Iowa law provides procedures for challenging assessment and collection of taxes. *See* Iowa Code Chapters 425–449. Given the TIA's goal of promoting comity with non-federal fora and deference to the states' administration of their own systems of taxation, the Court finds that Scheckel's action is barred. Because this is an action to enjoin the assessment and collection of taxes and because Scheckel has a plain, speedy, and efficient remedy available in the state court of Iowa over this matter, this Court is accordingly without federal subject matter jurisdiction to hear Scheckel's action.

### III. *CONCLUSION*

Upon consideration of the record, IT IS HEREBY ORDERED that:

---

1. Section 1343 also is trumped by the Tax Injunction Act. *See Osceola v. Florida Dep't of Revenue,* 893 F.2d 1231 (11th Cir.1990), *cert. denied,* 498 U.S. 1025, 111 S.Ct. 674, 112

L.Ed.2d 667 (1991) (denying jurisdiction on basis of Tax Injunction Act despite the presence of § 1343 claim). *See infra,* part 3.

1. Defendant's Motion to Dismiss (docket no. 4) is GRANTED; and
2. This matter is DISMISSED with prejudice.
3. All remaining pending motions in this case are DENIED as moot.