Roger Thomas SIZER, Plaintiff,

v.

COUNTY OF HENNEPIN; Sheriff Patrick D. McGowan; Chief Deputy Michele Smolley; Inspector Thomas Merkel; and Former Inspector Richard Estensen, officially and individually, Defendants.

No. Civ.03–5830 DWF/SRN.

United States District Court, D. Minnesota.

Jan. 14, 2005.

Seth Marvin Colton, and Theresa A. Bofferding, Lommen Nelson Cole & Stageberg, Minneapolis, MN, for Plaintiff.

Toni A. Beitz, Assistant Hennepin County Attorney, Hennepin County Attorney's Office, Minneapolis, MN, for Defendants.

## MEMORANDUM OPINION AND ORDER

FRANK, District Judge.

### Introduction

This matter came on for hearing before the undersigned United States District Judge on December 10, 2004, pursuant to Defendants' Motion for Summary Judgment. Plaintiff Roger Thomas Sizer opposes the motion. For the following reasons, Defendants' Motion for Summary Judgment is granted.

### Background

On March 23, 2000, at 9:38 p.m., Sizer turned himself in to the Hennepin County Adult Detention Center ("ADC") after he violated the terms of his conditional release and a bench warrant was issued for him. The following morning, Sizer appeared in court and had his bail set at $3,000. Sizer returned to the ADC at 11:41 a.m.

Upon his return to ADC, Sizer made arrangements with his sister to post his bail. Sizer's sister, Glee Monchamp, asserts that she and her husband arranged bond for Sizer with a bail bondsman be-

tween 12:30 and 1:00 p.m. Thereafter, the bail bondsman's agent and Monchamp went to the ADC to post bond. Monchamp asserts that bond was posted no later than 1:00 p.m. ADC records show that the bond was posted no later than 2:49 p.m.

ADC asserts that the outprocessing of all detainees was halted between 7:00 and 9:00 p.m. due to problems with its "count." The "count" refers to the process of making sure all of the detainees are still within the facility. Nonetheless, ADC records show that Sizer was released between 9:30 and 9:41 p.m. Sizer disputes this assertion and claims that he was not released until 11:30 p.m. Accepting Sizer's assertions as true for the purposes of this motion, Sizer was detained for 10.5 hours during his outprocessing.

Based upon these events, Sizer's Complaint asserts a federal claim for violations of the Fourth and Fourteenth Amendments of the United States Constitution pursuant to 42 U.S.C. § 1983, a state claim for a violation of Article I, Section 10, of the Minnesota Constitution, and a state claim for false imprisonment. Sizer asserts that Hennepin County's delay in releasing him was part of a policy, practice, custom, or usage of unreasonable delays in the release of detainees. Sizer further asserts that Hennepin County had posted a sign in the Adult Detention Waiting Area stating that delays of up to eight hours should be expected in processing releases. Sizer alleges that Hennepin County acted indifferently to its known processing problems.

## Discussion

### I. Standard of Review

In deciding a motion to dismiss, the Court must assume all facts in the Complaint to be true and construe all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir.1986). The Court grants a motion to dismiss only if it is clear beyond any doubt that no relief could be granted under any set of facts consistent with the allegations in the Complaint. *Id.* The Court may grant a motion to dismiss on the basis of a dispositive issue of law. *Neitzke v. Williams*, 490 U.S. 319, 326, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). The Court need not resolve all questions of law in a manner which favors the complainant; rather, the Court may dismiss a claim founded upon a legal theory which is "close but ultimately unavailing." *Id.* at 327, 109 S.Ct. 1827.

### A. 42 U.S.C. § 1983 Claim

■ Section 1983 prohibits a person acting under color of state law from depriving another person of his or her "rights, privileges, or immunities secured by the Constitution and laws...." According to *Baker v. McCollan*, "[t]he first inquiry into any Section 1983 suit ... is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws.'" 443 U.S. 137, 140, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979). If the answer to this inquiry is no, then there is no "claim cognizable under Section 1983." *Id.* at 146–147, 99 S.Ct. 2689.

■ Sizer asserts that Hennepin County and its named employees, acting under color of state law, violated his right to be free from unreasonable seizure under 42 U.S.C. § 1983 and the rights secured by the Fourth and Fourteenth Amendments of the United States Constitution. Specifically, Sizer asserts that his detainment for 10.5 hours pending release from the ADC was unconstitutional. In support of his allegations, Sizer relies primarily on two cases, *Young v. City of Little Rock*, 249

F.3d 730 (8th Cir.2001), and *Berry v. Baca,* 379 F.3d 764 (9th Cir.2004).

In *Young,* the Eighth Circuit affirmed a jury verdict finding a city liable when a wrongfully arrested woman was ordered released by a judge but was detained an additional 2.5 hours by authorities. 249 F.3d 730. During that time period, the woman was chained to six other detainees and returned to the jail where she was strip-searched in front of the detainees. *See id.* at 736. The Eighth Circuit held that the judge that had ordered the woman's release had ordered that her release occur immediately. *See id.* The Eighth Circuit found that the handcuffing and strip-search of the woman was shocking in light of the judge's order. *See id.*

In *Berry,* a group of plaintiffs challenged "in toto" policies that resulted in 26– to 29–hour delays in the outprocessing of detainees. 379 F.3d 764. The Ninth Circuit reviewed the case and held that the plaintiffs should have an opportunity to have a jury determine whether their continued detention was reasonable under the Fourth Amendment and in light of the lengthy periods of time for the outprocessing of detainees. *See id.* at 773.

Defendants assert that no Supreme Court or Eighth Circuit case has recognized a constitutional right to be processed in less time than that which elapsed here. Defendants further assert that several cases suggest that Sizer's detention was not unconstitutional. The cases Defendants rely on address claims brought by individuals challenging the length of time required for outprocessing after the individuals were ordered to be released.

In *Brass v. County of Los Angeles,* the Ninth Circuit Court of Appeals affirmed a district court's finding that a 39–hour time period required for outprocessing the plaintiff, arrested on the mistaken belief that he was someone else wanted on a warrant, was reasonable and not unconstitutional. 328 F.3d 1192, 1194 (9th Cir. 2003). In *Fowler v. Block,* a California district court held that delays of 24–48 hours after the defendant's acquittal "due to administrative release procedures cannot be found per se unreasonable." 2 F.Supp.2d 1268, 1278–1279 (C.D.Cal.1998). In *Fowler,* the court specifically held that the sheriff had to deal with "prisoner and paperwork back-logs, inoperative computer systems, inefficient paper chases, and the simple fact that the jails are overcrowded and the Sheriff understaffed." *Id.* at 1278.

Defendants also cite to *Thompson v. Sheahan,* 2001 WL 204774 (N.D.Ill.2001). In *Thompson,* Lamar Thompson was arrested on a charge of criminal trespass and placed in custody at the county jail. *See id.* at *1. Thompson pleaded guilty to the charge and was sentenced to four days in jail with credit for time already served. *See id.* The court ordered Thompson to be released from custody that day, and he was transported back to the county jail. *See id.* Thompson was released from the jail 14 hours later. *See id.* The district court noted, "[t]he Seventh Circuit has previously explained that the Sheriff is generally free to exercise discretion in processing prisoners for release because judges do not normally direct the Sheriff when and where to effectuate a release." *Id.* at *2. The district court also held that, "[e]ven if we assume for purposes of [the Defendant's] motion to dismiss that Thompson's fourteen-hour detention constituted a wrongful deprivation of liberty, his due process claim is still not cognizable. Section 1983 does not provide a cause of action for every wrongful or improper deprivation of liberty by a state." *Id.* at *3 *(citing Lundblade v. Franzen,* 631 F.Supp. 214, 217 (N.D.Ill.1986)).

In support of Defendants' assertion that the time for processing was reasonable,

Defendants have also represented to the Court that on March 24, 2000, 181 arrestees were received for booking at the ADC, 186 detainees were processed for release, and 150 detainees had court appearances. Defendants further point out that 110 of the 186 detainees that were released were released between noon and 6:55 p.m.

Based on the foregoing facts and case law, the Court finds that Sizer's delay in being released from the ADC was objectively reasonable and not unconstitutional. The cases cited by Sizer in support of his allegations are factually distinguishable from this case. In *Young*, the Eighth Circuit stated that it was shocked by the defendant city's conduct in light of the fact that the plaintiff was handcuffed, strip-searched, and detained for 2.5 hours after a judge had ordered her immediate release. This Court has reviewed the Eighth Circuit's decision in *Young*, and while the Eighth Circuit did comment on the delay in the plaintiff's release, it is clear from the decision that the Eighth Circuit was most concerned with the handcuffing and strip search of the plaintiff.

The Court also finds little support for Sizer's claims in the Ninth Circuit's *Berry* decision. In *Berry*, the Ninth Circuit allowed plaintiffs to continue to pursue their suit against a city where outprocessing took between 26–29 hours. This Court is in agreement with the Ninth Circuit's decision in *Berry* insofar as it acknowledges that at some point unreasonable delays become actionable. However, even accepting Sizer's time line of events, the time it took to release Sizer from ADC was 10.5 hours. The Court finds that period to be acceptable in light of the facts surrounding Sizer's detention and the case law cited by Defendants.

## B. Policy, Custom, or Practice (*Monell* Claim)

In order to establish Hennepin County's liability, Sizer must prove the existence of an unconstitutional "policy or custom" or practice of being deliberately indifferent to the constitutional rights of Hennepin County citizens. *Monell v. Department of Soc. Services*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). A government "custom" may be the basis for liability if "persistent and widespread" unconstitutional practices have become "so permanent and well settled" as to have "the force of law." *Id.* at 691, 98 S.Ct. 2018 (*citing Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167–168, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970)). To establish a constitutional violation by government custom, the Eighth Circuit requires a plaintiff to prove:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe "A," et al. v. Special Sch. Dist. of St. Louis County*, 901 F.2d 642, 646 (8th Cir.1990).

Sizer asserts that the ADC has an unconstitutional policy, custom, or practice of detaining inmates for an extended period of time after they are due to be released. According to Sizer, this policy, custom, or practice is evidenced by a sign posted in the waiting area of the ADC that

alerts inmates that they could expect delays of up to 8 hours in processing their releases.

Defendants assert that in the absence of any clear constitutional requirement for a more expedient processing time, an 8–hour "norm" cannot establish a widespread pattern of unconstitutional misconduct. Indeed, Defendants assert that because no court has held that an 8–hour time span for outprocessing a detainee is a per se violation of the Constitution, there can be no evidence of an unconstitutional ADC policy to be found from the sign posted in the waiting area.

The Court finds that Sizer has failed to produce evidence of a "continuing, widespread, persistent" custom or practice of unconstitutional overdetention. As previously stated, the Court finds nothing in the record that establishes that Sizer's detainment pending release from ADC was unconstitutional. The Court finds that Sizer has also failed to establish that policymakers knew that the outprocessing procedures were routinely causing processing delays or that the policymakers deliberately failed to remedy the system. Accordingly, the Court grants Defendants' Motion for Summary Judgment as to Sizer's *Monell* claim.

### C. State Claims

■ Under 28 U.S.C. § 1367(a), a federal court may assert supplemental jurisdiction over state claims when a federal claim is properly before the court. However, when all federal claims have been dismissed, the court has discretion to dismiss the remaining state claims. *See* 28 U.S.C. § 1367(c)(3); *Willman v. Heartland Hosp. E.*, 34 F.3d 605, 613 (8th Cir.1994). Section 1367(c)(3) specifically states that the Court "may decline to exercise supplemental jurisdiction over a claim … if the

district court has dismissed all claims over which it has original jurisdiction." The Court's discretion as to whether to exercise jurisdiction over these remaining claims should be informed by principles of judicial economy, convenience, fairness, and comity. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

Here, the Court has granted summary judgment on Sizer's federal claim, and only Sizer's state law claims remain. As such, the Court determines that it will not exercise its supplemental jurisdiction in this instance and that the remaining claims stated in the Complaint are dismissed without prejudice.

For the reasons stated, **IT IS HEREBY ORDERED**:

1. Defendants' Motion for Summary Judgment (Doc. No. 9) is **GRANTED** as to Count One.

2. Counts Two and Three of Plaintiff's Complaint are **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**