**Talita MILLER and Crispin Rork, Plaintiffs,**

v.

**QUEST DIAGNOSTICS, Defendant.**

**No. 2:14–cv–04278–SRB.**

United States District Court,
W.D. Missouri,
Central Division.

Signed Jan. 28, 2015.

---

Charles Jason Brown, Jayson A. Watkins, Brown & Associates, LLC, Gower, MO, for Plaintiffs.

Andrew Cahill Johnson, Amy Lynne Nixon, Charles Edwin Reis, IV, Littler Mendelson, PC, St. Louis, MO, for Defendant.

## ORDER

STEPHEN R. BOUGH, District Judge.

Defendant Quest Diagnostics' motion to dismiss Plaintiffs Talita Miller and Crispin Rork's claims for violations of the Fair Credit Reporting Act ("FCRA") (Doc. 11), is granted in part and denied in part. Defendant's motion is denied as to Count I and granted as to Count II.

### I. Pleading Standard

Defendant brings its motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). In order to survive the motion to dismiss, Plaintiffs' complaint must meet the standard set out in Rule 8(a), which requires that a plaintiff plead sufficient facts to state a claim upon which relief may be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citations omitted). A pleading that offers only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" is not sufficient. *Id.*

In determining whether the complaint alleges sufficient facts to state a plausible claim to relief, all factual allegations made by the plaintiff are accepted as true. *Great Plains Trust Co. v. Union Pac. R.R. Co.,* 492 F.3d 986, 995 (8th Cir.2007) (noting that legal allegations are not accepted as true). If the facts in the complaint are sufficient for the Court to draw a reason-

able inference that Defendant is liable for the alleged misconduct, the claim has facial plausibility and will not be dismissed. *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937.

## II. Background

Plaintiffs bring this case as a putative class action, arguing that Defendant violated the FCRA through its process of obtaining consumer reports regarding prospective employees.

Plaintiffs first allege that Defendant violated the FCRA by failing to inform prospective employees that a consumer report would be obtained about them "in a document consisting solely of the disclosure." Specifically, Plaintiffs allege that Defendant's disclosure form contains approximately one page of information regarding state statutes and various state-administered employee rights with respect to consumer reports, none of which applies to Plaintiffs; a release provision stating that the signatory "fully understand[s] that all employment decisions are based on legitimate non-discriminatory reasons[;]" and administrative sections marked "For Office Use Only" and "Employer Use Only." [Complaint, Doc. 1–1, pp. 6–9].

Plaintiffs next argue that the FCRA prohibits Defendant from obtaining electronic authorizations to secure consumer reports. Plaintiffs allege that Defendant uses an electronic authorization form with electronic signatures to authorize Defendant to procure consumer reports and contend that Defendant's failure to obtain "written authorization" to procure consumer reports violates the FCRA.

## III. Discussion

The purpose of this Order is to determine whether the allegations made by Plaintiffs in the complaint are sufficient to state a claim recognized by law. At this stage of the litigation, the Court makes no findings of fact but instead relies solely on the allegations made by Plaintiffs in the complaint.

## A. Contents of Consent Form

■ Defendant argues that Plaintiffs' Count I should be dismissed because Plaintiffs have failed to sufficiently allege a willful violation of the FCRA's mandate that a consumer be notified in a document consisting "solely" of the disclosure that a consumer report will be obtained about the consumer. The FCRA requires "a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists *solely* of the disclosure, that a consumer report may be obtained for employment purposes[.]" 15 U.S.C. § 1681b(b)(2)(A)(i) (emphasis added).

■ In order for an FCRA violation to be "willful," a defendant must either knowingly or recklessly violate the law. *Safeco Ins. Co. of America v. Burr,* 551 U.S. 47, 57, 127 S.Ct. 2201, 167 L.Ed.2d 1045 (2007). "[A] company subject to FCRA does not act in reckless disregard of it unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Id.* at 69, 127 S.Ct. 2201. Defendant's willfulness must be adequately pled in the complaint if Plaintiffs are to sustain their cause of action. *Miller–Huggins v. Spa-Clinic, LLC,* No. 09 C 2677, 2010 WL 963924, at *2 (N.D.Ill. March 11, 2010) ("Pursuant to *Iqbal,* plaintiff must plead factual content that allows us to draw the reasonable inference that [defendant] knowingly or recklessly [violated the FCRA].") "[A]ssertions that [Defendant] was aware of the FCRA, but failed to comply with its requirements, are suffi-

cient to support an allegation of willfulness and to avoid dismissal." *See Singleton v. Domino's Pizza, LLC*, Civ. Act. No. DKC 11–1823, 2012 WL 245965, at *4 (D.Md. January 25, 2012).

Defendant argues that other courts have held similar disclosure forms to be "clear and conspicuous," and as a result, Defendant's disclosure form comports with the FCRA. Plaintiffs do not allege a violation of the FCRA's "clear and conspicuous disclosure" requirement, however, and the Court finds the analysis in those cases unhelpful here. Plaintiffs rely upon *Burghy v. Dayton Racquet Club, Inc.*, a case addressing the FCRA's "conspicuous" requirement in the context of a motion for summary judgment. 695 F.Supp.2d 689, 696 (S.D.Ohio 2010) ("[T]he issue the Court must address is whether or not the disclosure was sufficiently conspicuous, not whether it was clear."). The *Burghy* Court analyzes at length the manner in which the notice is presented (*i.e.* the text, font, bullet-point layout, etc ...) in ultimately concluding that the disclosure is conspicuous and granting summary judgment. *Id.* at 700.

The *Burghy* decision briefly addresses the FCRA's "solely" requirement. *Id.* at 699. In finding the plaintiff's argument on this point "unpersuasive" the *Burghy* Court concludes, "The Act specifically states that the language *authorizing* the employer to obtain a consumer report ... may be included alongside the language *disclosing* that such a report may be used for employment purposes ... [.]" *Id.* Here, however, Plaintiff does not argue that Defendants violated the "solely" requirement by including an authorization with its disclosure. Plaintiff alleges in the complaint, "The Defendant knew that the form they utilized to obtain consumer reports should consist solely of the FCRA disclosure and authorization[.]" [Complaint, Doc. 1–1, p. 13].

Defendant further relies upon cases finding that the FCRA permits an employer to utilize forms combining disclosure and release or waiver provisions in arguing Plaintiffs have failed to state a claim for willful violation of the FCRA. Courts have split on the question of whether release or waiver provisions may be included in an FCRA-compliant disclosure. *See Syed v. M–I LLC*, Civ. No. 1:14–742, 2014 WL 4344746, at *3 (E.D.Cal. August 28, 2014) (describing conflicting district court opinions). In light of this split, the *Syed* Court granted a defendant's motion to dismiss claims arising out of a combined release and disclosure form finding the FCRA "less than pellucid" and holding, "[T]he court cannot conclude that the defendants' interpretation of the requirement that the disclosure appear on a form consisting 'solely of the disclosure' is erroneous, let alone 'objectively unreasonable.' " *Id.* at *3 (citation omitted).

Here, however, Plaintiffs' complaint clearly alleges that Defendant committed a willful violation of the FCRA by including more than just a release or waiver provision. Plaintiffs allege that Defendant's inclusion of the state-mandated consumer report information, administrative sections, *and* release language in the disclosure violates 15 U.S.C. § 1681b(b)(2), even though "the Defendant knew that the form they utilized to obtain consumer reports should consist solely of the FCRA disclosure and authorization[.]" [Complaint, Doc. 1–1, p. 13]. In this context and at the motion to dismiss stage, the Court finds Plaintiffs' complaint is sufficient to state a claim that Defendant violated the FCRA's independent disclosure requirement, and Defendant's motion to dismiss Count I must be denied. *See Avila v. NOW Health Group, Inc.*, No. 14 C 1551, 2014 WL 3537825, at *2 (N.D.Ill. July 17, 2014) (denying motion to dismiss claim for violation of the FCRA's stand-alone requirement where

disclosure forms contained information beyond the disclosure).

## B. Written Authorization to Procure Consumer Report

■ Plaintiffs' Count II alleges that Defendant violated the FCRA by failing to obtain proper authorization before procuring consumer reports relating to their prospective employees. The FCRA states that "a person may not procure a consumer report ... for employment purposes with respect to any consumer, unless ... the consumer has authorized *in writing* ... the procurement of the report by that person." 15 U.S.C. § 1681b(b)(2)(A) (emphasis added).

Defendant argues that Plaintiffs' allegation that Defendant violated this provision by obtaining authorization via an electronic signature rather than a handwritten signature is insufficient to state a claim. The Court agrees. Plaintiffs again claim that Defendant committed a "willful" violation of the FCRA and must allege sufficient facts for the Court to conclude that Defendant's interpretation of the FCRA was "objectively unreasonable." *Safeco Ins. Co. of America,* 551 U.S. at 57, 127 S.Ct. 2201. The Court concludes here that Defendant's conduct was not only reasonable, but it complied with the FCRA.

Congress passed the Electronic Signatures in Global and National Commerce Act ("E–Sign Act") in 2000. Under the E–Sign Act, electronic signatures are presumptively valid:

Notwithstanding any statute, regulation, or other rule of law (other than this subchapter and subchapter II of this chapter), with respect to any transaction in or affecting interstate or foreign commerce—

(1) a signature, contract, or other record relating to such transaction may not be denied legal effect, validity, or enforce-

ability solely because it is in electronic form; and

(2) a contract relating to such transaction may not be denied legal effect, validity, or enforceability solely because an electronic signature or electronic record was used in its formation.

15 U.S.C. § 7001(a). Furthermore, the FTC issued an advisory opinion in 2001 regarding the validity of electronic signatures rendered in relation to the FCRA:

[E]lectronic signatures, contracts, or other records relating to transactions are not unenforceable or invalid solely based on their electronic format. Moreover, with respect to the reach of this provision, under Section 106(13) of the ESIGN Act, the term "transaction" is defined as "an action or set of actions relating to the conduct of business, consumer, or commercial affairs between two or more persons ..." This broad definition of "transaction" appears to include the scenario described in the letter where a business that needs a consumer report on an individual includes in a contract or application form clear authorization by the individual to obtain his or her consumer report. Thus, under the ESIGN Act, a consumer's electronic authorization may not be denied legal effect solely based on its electronic nature.

Zalenski, FTC Informal Staff Opinion Letter (May 24, 2001); [Suggestions in Support of Motion to Dismiss, Doc. 11–2, p. 2 (endnote references omitted) ].

Plaintiffs contend that the E–Sign Act does not condone electronic signatures in this context because the authorization form is not a "transaction" as defined by the Act. Plaintiffs are incorrect; an employment application and authorization to obtain a consumer report is clearly "relating to the conduct of business" within the scope of the statute. 15 U.S.C. § 7006(13).

Furthermore, the FTC has recognized the applicability of the E–Sign Act to the acquisition of consumer reports. *See* Zalenski.

Plaintiffs further argue that even if the E–Sign Act permitted Defendant to obtain electronic signatures to authorize Defendant to obtain the consumer reports, the E–Sign Act mandates accompanying disclosures that did not appear in Defendant's authorization forms. As Defendant notes, the E–Sign Act only requires these disclosures when an electronic signature is being used to obtain a "consumer" authorization. "Consumers" are defined by the E–Sign Act as "individual[s] who obtain[ ], through a transaction, products or services which are used primarily for personal, family, or household purposes, and also means the legal representative of such an individual." 15 U.S.C. § 7006. Plaintiffs are not consumers as defined by the E–Sign Act. As such, Defendant was not required to make these disclosures, and Defendant's authorization form was sufficient.

Plaintiffs finally contend that the E–Sign Act does not speak to whether Defendant may produce a disclosure or authorization form solely in electronic form and that the FCRA specifically requires that these documents be "in writing." Reading the FCRA to prohibit electronic disclosures and authorization forms would produce an absurd result. Given the prevalence of electronic applications for employment, requiring an employer to mail all electronic applicants additional disclosure and authorization documents would produce no cognizable benefit in terms of protecting consumer rights. *See* 15 U.S.C. § 1681(b) ("It is the purpose of this subchapter to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer[.]"). In light of the purpose and objectives of the FCRA, the Court concludes that Defendant's electronic documents were sufficient to meet the statutory requirements.

## IV. Conclusion

For the reasons set forth above, Defendant's motion to dismiss is granted in part and denied in part. Count II is dismissed. Defendant's motion is denied with respect to Count I.