Jacqueline JOHNSON, Plaintiff,

v.

CASEY'S GENERAL STORES, INC., Defendant,

Case No. 6:15–cv–30860–MDH.

United States District Court, W.D. Missouri, Southern Division.

Signed July 27, 2015.

Anna P. Prakash, E. Michelle Drake, John G. Albanese, Nichols Kaster, PLLP, Minneapolis, MN, James Zouras, Jorge A. Gamboa, Ryan F. Stephan, Stephan Zouras LLP, Chicago, IL, Anthony Louis Dewitt, Bartimus, Frickleton, Robertson & Goza, Jefferson City, MO, for Plaintiff.

Justin M. Dean, Julie Zwibelman Devine, Ogletree, Deakins, Nash, Smoak & Stewart, St. Louis, MO, for Defendant.

## ORDER

DOUGLAS HARPOOL, District Judge.

Before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. No. 18) and Defendant's Motion to Dismiss and/or Substitute Improper Defendant and Integrated Memorandum in Support. (Doc. No. 20). The Court has reviewed the pending Motions and denies them for the reasons set forth herein.

## BACKGROUND

Plaintiff's Complaint alleges Defendant Casey's General Stores, Inc. violated the stand-alone disclosure requirement of the Fair Credit Reporting Act ("FCRA"). Plaintiff is seeking damages on behalf of herself, and a class of similarly situated individuals,[1] including statutory damages, punitive damages, costs and attorneys' fees.

Plaintiff claims on or around February 25, 2013, she applied to work as a pizza delivery driver for a Casey's location in Mountain Grove, Missouri. Plaintiff was already employed by Casey's in a customer service job. However, in order to be considered for a pizza delivery position she was required to reapply for the delivery position. Casey's required applicants for driving positions to undergo and pass a background check. Casey's used HireRight, Inc. to assist with the background checks.

When Plaintiff applied for the delivery position she was provided with an "Authorization Form for Consumer Reports FCRA Release," which she signed. The form Plaintiff signed is attached to the Complaint as Exhibit 1. Plaintiff alleges Casey's had a policy to systematically procure consumer reports without first disclosing in writing to the consumer, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes. Plaintiff further alleges Casey's violations of the FCRA were willful.

## STANDARD OF REVIEW

Defendant moves to dismiss Plaintiff's lawsuit pursuant to Fed.R.Civ.P. 12(b)(6). "To survive a motion to dismiss, a com-

---

1. Plaintiff defines the class as "All individuals on whom Defendant obtained a consumer report for employment purposes in the two years predating the filing of this Complaint and continuing through the date the class list is prepared."

plaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." " *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). If the complaint alleges facts sufficient for the Court to draw a reasonable inference that Defendant is liable for the alleged misconduct, the claim has facial plausibility and will not be dismissed. *Id.* at 678, 129 S.Ct. 1937. In analyzing a Motion to Dismiss, a court must accept Plaintiff's well-pleaded allegations as true. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Morton v. Becker,* 793 F.2d 185, 187 (8th Cir.1986). While the Court accepts the complaint's factual allegations as true, it is not required to accept the plaintiff's legal conclusions. *Ashcroft,* 556 U.S. at 678, 129 S.Ct. 1937. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

The court's assessment of whether the complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft,* 556 U.S. at 679, 129 S.Ct. 1937. The reviewing court must read the complaint as a whole rather than analyzing each allegation in isolation. *Braden v. Wal–Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009).

## DISCUSSION

Plaintiff's claims are based on the FCRA, which provides in part:

2) Disclosure to consumer

(A) In general

Except as provided in subparagraph (B), a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless—

(i) a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists *solely* of the disclosure, that a consumer report may be obtained for employment purposes; and

(ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person.

15 U.S.C.A. § 1681b *(emphasis added ).*

Plaintiff claims Casey's "Authorization Form for Consumer Reports FCRA Release" falls under the FCRA and violates the stand-alone disclosure requirement. Casey's argues the report is exempt from the FCRA's definition of consumer report pursuant to § 1681(a)(y)(1) which states:

(y) Exclusion of certain communications for employee investigations

(1) Communications described in this subsection A communication is described in this subsection if—

(A) but for subsection (d)(2)(D) of this section, the communication would be a consumer report;

(B) the communication is made to an employer in connection with an investigation of—

(i) suspected misconduct relating to employment; or

(ii) compliance with Federal, State, or local laws and regulations, the rules of a self-regulatory organization, or any preexisting written policies of the employer;

(C) the communication is not made for the purpose of investigating a consumer's credit worthiness, credit standing, or credit capacity; and

(D) the communication is not provided to any person except—

(i) to the employer or an agent of the employer;

(ii) to any Federal or State officer, agency, or department, or any officer, agency, or department of a unit of general local government;

(iii) to any self-regulatory organization with regulatory authority over the activities of the employer or employee;

(iv) as otherwise required by law; or

(v) pursuant to section 1681 of this title.

Casey's contends the background check run when Plaintiff wanted to transfer from a customer service position to a delivery position was not a "consumer report" because it falls within the statutory exemption for employee investigations under the FCRA. Casey's further argues "the background report on Johnson was procured and communicated to Casey's to investigate compliance with Casey's pre-existing policy for individuals seeking to deliver pizzas directly to a customer's home. Further, it was not made to investigate Johnson's credit, nor was the report provided to anyone but Casey's."

Plaintiff believes to allow the background report to fall within the "investigative report" exemption would destroy the purpose of the rule, and that there is a difference between a "consumer report" and an "investigative consumer report." *See Freckleton v. Target Corp.,* 81 F.Supp.3d 473 (D.Md.2015). Plaintiff further contends while Casey's states the report was not given to anyone but Casey's, she received a copy of the background report (and has attached it to her Complaint).

■ At this time, the only issue before the Court is whether Plaintiff has alleged enough in her Complaint to proceed. Defendant's arguments go well beyond what is pled in Plaintiff's Complaint. The specific terms of Casey's alleged background check policy; why any such background checks were procured; who may or may not have had access to the background report; and whether the report was investigative are all issues that would require analysis of information and evidence beyond Plaintiff's initial allegations. In analyzing the pending Motion to Dismiss, the Court will not venture beyond Plaintiff's Complaint.

■ Defendant also moves to dismiss Plaintiffs FCRA claim arguing Plaintiff has failed to sufficiently allege a willful violation of the FCRA. In order for an FCRA violation to be "willful," a defendant must either knowingly or recklessly violate the law. *Miller v. Quest Diagnostics,* 85 F.Supp.3d 1058, 2015 WL 545506 (W.D.Mo. Jan. 28, 3015); citing, *Safeco Ins. Co. of America v. Burr,* 551 U.S. 47, 57, 127 S.Ct. 2201, 167 L.Ed.2d 1045 (2007). "[A] company subject to FCRA does not act in reckless disregard of it unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Id.* Plaintiff must adequately allege Defendant's willfulness in the complaint if Plaintiff is to sustain their cause of action. *Id.,* citing, *Miller-Huggins v. SpaClinic, LLC,* No. 09 C. 2677, 2010 WL 963924, at *2 (N.D.Ill. March 11, 2010) ("Pursuant to *Iqbal,* plaintiff must plead factual content that allows us to draw the reasonable inference that [defendant] knowingly or recklessly [violated the FCRA].") "[A]ssertions that [Defendant] was aware of the FCRA, but failed to comply with its requirements, are sufficient to support an allegation of willfulness and to avoid dismissal." *Id.,* citing, *Singleton v. Domino's*

*Pizza, LLC,* Civ. Act. No. DKC 11–1823, 2012 WL 245965, at *4 (D.Md. January 25, 2012).

■ Here, Plaintiff has alleged a willful violation in her Complaint. Plaintiff alleges Casey's certified compliance with the stand-alone disclosure requirement, knowingly violated that requirement and acted in willful violation of the FCRA. Here, for the same reasons stated above, the Court finds Plaintiff's Complaint has sufficiently stated a claim that Casey's willfully violated the FCRA's stand-alone requirement and therefore, Casey's Motion to Dismiss is denied.

■ Finally, Defendant has also filed a Motion to Dismiss and/or Substitute Improper Defendant. (Doc. No. 20). Defendant argues Casey's General Stores, Inc. is a "holding company that does not have any employees." It further argues Plaintiff was employed by Casey's Marketing Company. Defendant attaches a paystub in support of its motion.

Plaintiff has alleged Casey's General Stores, Inc. procured the report that allegedly violates the FCRA's stand-alone provision. Plaintiff also argues the report attached to the Complaint also references Casey's General Stores, Inc. Plaintiff further contends the defendant does not have to be the employer for purposes of the FCRA claim. However, this Court does not need to address those issues at this time. Plaintiff has pled enough, as set forth above, that Casey's General Stores, Inc. violated the FCRA for purposes of analyzing Defendant's Motion to Dismiss.

The issues raised by Defendant, including whether Casey's General Stores, Inc. was Plaintiff's employer, or whether Casey's General Stores, Inc. falls under the FCRA, are both issues beyond the pending Motion to Dismiss. As such, Defendant's motion is denied.

## CONCLUSION

While the Court's Order does not address the merits of this case, it finds Plaintiff has pled enough to survive a motion to dismiss and adequately meets the federal notice pleading requirement. Therefore, for the reasons stated herein, Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. No. 18) and Defendant's Motion to Dismiss and/or Substitute Improper Defendant and Integrated Memorandum in Support (Doc. No. 20) are **DENIED.**

**IT IS SO ORDERED.**